**Albert H. CARTER, Appellant,**

v.

**The MONEY TREE COMPANY,**
**Appellee.**

**No. 75–1599.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 8, 1976.

Decided March 24, 1976.

Rehearing Denied April 13, 1976.

Certiorari Denied June 7, 1976.
See 96 S.Ct. 2636.

Albert H. Carter, pro se.

Gregory J. Pulles, Mackall, Crounse & Moore, Minneapolis, Minn., filed briefs for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

This is a pro se appeal from the judgment of the district court[1] dismissing Carter's complaint on the grounds of res judicata and collateral estoppel. Carter is currently incarcerated in a Texas penitentiary.

There are several judicial proceedings related to this action, briefly summarized as follows: Carter was, prior to his incarceration, an employee of appellee The Money Tree Co. (Money Tree). Subsequent to his incarceration, Carter filed suit in a Texas state court seeking recovery of commissions and overrides from Money Tree, a Minnesota corporation. Carter obtained a default judgment in excess of $16,000. He then filed suit against Money Tree in the United States District Court for the Southern District of Texas, attempting to convert the Texas state court judgment into a federal judgment enforceable in Minnesota. Thereafter the Texas state court, upon motion of Money Tree, set aside the default judgment and dismissed Carter's petition on the basis that Money Tree was not subject to service of process in Texas. The dismissal was upheld by the Texas Court of Civil Appeals.[2] Thereafter the District Court for the Southern District of Texas dismissed the action pending in its court on the basis that there was no Texas judgment to enforce and that even if there were a valid state court judgment, Carter's claim was frivolous. Carter filed a motion for reconsideration and for leave to file a supplemental complaint asserting a claim under 42 U.S.C. § 1983 that his civil rights had been violated by the Texas state courts in granting and upholding Money Tree's motion for vacation of the default judgment and dismissal of the petition. The district court denied the motion as "wholly unmeritorious." Carter appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed the judgment of the District Court.[3]

Carter then filed this action in the United States District Court for the District of Minnesota alleging basically that the Texas state courts had denied him due process of law in vacating the default judgment.. His allegations of denial of due process were essentially the same as those contained in the supplemental complaint which he was denied leave to file in the United States District Court for the Southern District of Texas. Carter sought a declaratory judgment that the default judgment rendered in his favor was and is a valid judgment and that the order setting aside the default judgment was constitutionally invalid. He also sought a judgment against Money Tree

---

1. United States District Court for the District of Minnesota, Honorable Donald D. Alsop.

2. *Carter v. Money Tree Company*, 504 S.W.2d 783 (Tex.Civ.App.), *cert. denied*, 419 U.S. 865, 95 S.Ct. 120, 42 L.Ed.2d 102 (1974).

3. *Carter v. Money Tree Co.*, 502 F.2d 783 (5th Cir. 1974), *cert. denied*, 419 U.S. 1115, 95 S.Ct. 794, 42 L.Ed.2d 814 (1975).

for $16,300 plus interest based upon the validity of the Texas state court judgment.

The District Court ruled that Carter's claims were barred by the principles of res judicata and collateral estoppel and granted Money Tree's motion for summary judgment.

■ We affirm the judgment of the district court. A dismissal for failure to state a claim is res judicata as to the then existing claim which plaintiff was attempting to state. *Glick v. Ballentine Produce, Inc.,* 397 F.2d 590 (8th Cir. 1968). If, upon dismissal of the complaint, the plaintiff seeks leave to file an amended complaint and such leave is denied with prejudice, the denial is res judicata as to any claim made by plaintiff in that amended complaint. *Rinehart v. Locke,* 454 F.2d 313, 315 (7th Cir. 1971); 1B J. Moore, *Federal Practice* ¶ 0.409[1], at 1006–1009 (2d ed. 1974).

■ This rule is directly applicable here. All of the issues raised in Carter's complaint in the district court below were raised or should have been raised either in the original complaint dismissed by the District Court for the Southern District of Texas, or in the supplemental complaint which Carter sought leave to file. Carter himself notes, on page 6 of his brief on appeal

> (The civil rights allegations contained in the supplemental complaint are not here particularized, as they are substantially the same as those thereafter raised in the civil rights suit filed in the Minneapolis, Minnesota federal court, from which the instant appeal stems.)

Leave to file the supplemental complaint was denied with prejudice by the Texas district court on the ground that Carter's motion was "wholly unmeritorious." Consequently, the judgment of the District Court for the Southern District of Texas, subsequently affirmed by the United States Court of Appeals for the Fifth Circuit, is res judicata as to the claims Carter is raising here.

Judgment affirmed.