**Albert L. MICKLUS, Sr., Plaintiff,**

v.

**Kay GREER, Defendant.**

**No. S82–0002C.**

United States District Court,
E. D. Missouri,
Southeastern Division.

July 16, 1982.

**184**

Ted M. Henson, Jr., Scott & Henson, Poplar Bluff, Mo., for plaintiff.

Simon Tonkin, Asst. Atty. Gen., State of Mo., St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's argument is essentially that plaintiff's claim is barred by the principle of res judicata as these matters have been litigated in prior lawsuits to-wit: *Micklus v. Califano,* U.S. District Court for the Eastern District of Illinois, No. CV 78–0025(D), *aff'd* by 5th Circuit Court of Appeals on June 16, 1980, Order number 79–1186 and *Micklus v. Fahner,* U.S. District Court, Eastern District of Missouri, Southeastern Division, No. S 81–46(C), July 23, 1981.

Plaintiff's filings in these cases have been characterized as "a mass of conclusory statements. His complaint as a whole is confusing, rambling and unintelligible." *Micklus v. Fahner, supra,* at p. 2. The above cited cases dealt with various individuals and state agencies allegedly conducting secret investigations of the plaintiff, maintaining psychological profiles of plaintiff without his consent, and upon gathering this illegally compiled confidential information, disseminated it to the legal, medical, governmental and professional mental health communities in a manner so as to invade plaintiff's privacy and defame his character. Plaintiff wished to apprise defendant of his claim as well as "plaintiff's ability to deliver the contents of this complaint to certain foreign embassies". (Plaintiff's complaint of April 10, 1981). The *Fahner* action named the State of Missouri as a party, and frequently mentioned the illegal acts of Kay Greer who was then the Missouri State Mental Health Coordinator. Plaintiff seeks to relitigate this cause of action against Greer.

The doctrine of res judicata bars not only relitigation of issues decided in prior actions, but also extends to issues which might have been raised in the first lawsuit if they arise out of the same cause of action. As the Eighth Circuit stated in *Robbins v. The District Court of Worth County, Iowa,* 592 F.2d 1015 (8th Cir. 1979) "To determine whether the causes of action are the same in each lawsuit, we examine whether or not the primary right and duty and the delict or wrong are the same in each action. (citation omitted)", *Robbins* at 1017. The rights and duties Micklus outlines in his complaints in the prior actions are the same as those asserted herein.

The identity of party or interest requirement of res judicata is also present here for Greer is the state official responsible for the acts complained of by the State of Missouri, the party to one of the prior actions. *Res judicata* operates against subsequent litigation against state officials in their official capacity when initial litigation

against the state itself on an identical cause of action, is unsuccessful. *See generally,* Wright & Miller, *Federal Practice and Procedure,* § 4458.

 The fact that plaintiff's prior actions were not litigated to a final "judgment" is also of no aid to the continuance of this action. A dismissal for failure to state a claim upon which relief can be granted precludes a second action on an improved complaint. *Northern Pacific R. R. v. Slaght,* 205 U.S. 122, 27 S.Ct. 442, 51 L.Ed. 738 (1907); *Mervin v. FTC,* 591 F.2d 821 (D.C. Cir.1978); *Carter v. Money Tree Company,* 532 F.2d 113 (8th Cir. 1976), *cert. denied* 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380. It is the conclusion of this Court that plaintiff's claim is barred by the principles of res judicata. Accordingly, plaintiff's complaint is properly dismissed.