**Albert L. MICKLUS, Sr., Appellant,**

v.

**Kay GREER, Appellee.**

No. 82–1991.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1983.

Decided April 21, 1983.

Rehearing Denied May 27, 1983.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Scott & Henson by Ted M. Henson, Jr., Poplar Bluff, Mo., for appellant.

Albert L. Micklus, Sr., pro se.

Before ARNOLD, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Plaintiff-appellant Albert Micklus filed suit against Kay Greer, 545 F.Supp. 183, an official of the Missouri Department of Mental Health, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional right to privacy. Micklus's claim is based on allegations of "a clandestine and covert investigation . . . of the mental and psychological condition" of Micklus and the malicious publication of information about Micklus's mental health. He requested damages of $250,000.

This is the third lawsuit Micklus has filed relating to secret psychological investigations. The first was filed pro se against Joseph Califano, the Secretary of Health and Human Services, and the Governors of Missouri and Illinois. (No. CV 78–0025–D, E.D.Ill.) (hereinafter *Califano*). In *Califano* he filed three complaints, each of which was dismissed for failure to comply with Fed.R.Civ.P. 8(a).[1] The first two complaints were dismissed with leave to amend. After the third complaint was filed, the district court dismissed with prejudice, characterizing the complaint as a "confused rambling narrative of charges and conclusions . . . [n]one of [which] appear to relate directly to any conduct of the named defendants." The Seventh Circuit affirmed. *Micklus v. Greer,* 624 F.2d 1105 (7th Cir. 1980).

Micklus filed his second lawsuit pro se against the Attorneys General of Missouri and Illinois, Ivon Pavkovic, "as agent for the Illinois Department of Mental Health," Paul Ahr, "as agent for the Missouri Department of Health," and "Parties both known and unknown." No. S81–46C (E.D.Mo. July 23, 1981) (hereinafter *Fahner*). The district court dismissed, apparently for failure to state a claim for which relief may be granted, noting that Micklus's complaint was "a mass of conclusory statements."

This lawsuit, Micklus's third, was dismissed on the grounds of res judicata. The district court[2] found that the rights and duties outlined in *Califano* and *Fahner* were the same as those asserted in this case, and that res judicata "operates against subsequent litigation against state officials in their official capacity when initial litigation against the state itself . . . is unsuccessful."

■ There are two questions involved in deciding whether res judicata precludes consideration of Micklus's third complaint: (1) whether this claim is the same as that in *Califano* or *Fahner,* and (2) whether the parties are the same as those in *Califano* or *Fahner. Robbins v. District Court,* 592 F.2d 1015, 1017 (8th Cir.), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979).

In Micklus's earlier cases, the actions were dismissed as "unintelligible" and "incoherent." If the court could not tell what his claims were, Micklus argues, how can it be said that this action involves the same claims?

■ That a complaint cannot be read to make sense does not mean that the "wrong for which redress is sought" cannot be gleaned. *Midcontinent Broadcasting Co. v. Dresser Industries, Inc.,* 669 F.2d 564, 566 (8th Cir.1982). From Micklus's complaints in *Califano* and *Fahner,* it is clear that he was complaining about a conspiracy to spy on him and spread rumors about his mental health. What was unclear was who exactly had done what to him, and why he was entitled to relief. Conspiracy and rumor-spreading are exactly what Micklus complains of here, only with specificity. He has in effect "corrected" his complaints in *Cali-*

---

1. Fed.R.Civ.P. 8(a)(1) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

2. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

*fano* and *Fahner.* Since the issues are the same, those cases must be considered res judicata to this claim. *Califano* was expressly dismissed "with prejudice,"[3] and *Fahner,* while not explicitly dismissed with prejudice, was dismissed for failure to state a claim on which relief may be granted, which is a dismissal on the merits. *E.g., Carter v. Money Tree Co.,* 532 F.2d 113, 115 (8th Cir.), *cert. denied,* 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 380 (1976).

Greer was not a named party in either *Fahner* or *Califano.* The defendants in *Califano* were the Secretary of HHS and the governors of Illinois and Missouri; the defendants in *Fahner* were the attorneys general and "agents" of the Mental Health Departments of Illinois and Missouri. However, it is clear that Greer is sufficiently identified with the previous defendants for the doctrine of res judicata to apply.

A government employee may, in some cases, take the benefit from a prior judgment in favor of another employee of the same agency. In *Church of the New Song v. Establishment of Religion,* 620 F.2d 648, 654 (7th Cir.1980), *cert. denied,* 450 U.S. 929, 101 S.Ct. 1387, 67 L.Ed.2d 361 (1981), the plaintiff had filed two lawsuits alleging violations of his first amendment rights. The second group of defendants, chaplains in the Marion, Illinois federal prison, were held to be in privity with the first group of defendants, chaplains in Georgia and Texas federal prisons. The Court held that since the causes of action were the same and both groups were employees of the Federal Bureau of Prisons, privity existed. *Id.* at 654.

On the facts of this case, we agree. A plaintiff may not sue a succession of state employees on the same claim solely on the ground that each employee is not "identical" to previously sued employees. There is added force for this holding here where all defendants were sued in their official capacities for acts expressly alleged to have been committed by the state itself rather than by the employees as individuals. Thus, we find there is in this case the "close relationship, bordering on near identity" required to apply res judicata. *Robbins,* 592 F.2d at 1017.[4]

The judgment of the district court is affirmed.

---

3. When Rule 8(a) dismissals are expressly with prejudice, they may have res judicata effect. While usually when a plaintiff's complaint is dismissed for failure to comply with Rule 8(a), that dismissal is to be with leave to amend, *Koll v. Wayzata State Bank,* 397 F.2d 124, 127 (8th Cir.1968); *DeWitt v. Pail,* 366 F.2d 682, 685 (9th Cir.1966), if the plaintiff has "persisted" in violating the rule, the district court is justified in dismissing with prejudice, *Nefijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir.1981); *DeWitt,* 366 F.2d at 685 n. 1.

4. Micklus has submitted a pro se brief in which he argues that the Seventh Circuit opinion in *Califano* cannot be cited as controlling here since the opinion was issued as an "unpublished order not to be cited" pursuant to 7th Cir.R. 35. We reject this argument. The disposition by the Seventh Circuit was on the merits, and unpublished decisions have a res judicata effect on the same parties and the same issues.