Ken L. MICHAELIS (formally known as Kenneth L. Michaelis); and Iona Rae Michaelis; and Rory Lee Michaelis, A Minor by Ken L. Michaelis, his father and next friend; and Kyle Lee Michaelis, A Minor by Ken L. Michaelis, his father and next friend; and Kari Lynn Michaelis, A Minor by Ken L. Michaelis, her father and next friend, Plaintiffs,

v.

The NEBRASKA STATE BAR ASSOCIATION, a Nebraska association; and Pliny M. Moodie; Robert D. Moodie; Homer Ed Hurt, Jr.; John M. Thor, Jr.; Kenneth Olds; James Egley; Stanley P. Gushard; William E. Webster; and Richard P. Garden; all being members of the Nebraska State Bar Association; Lucille Toelle; Norris Maack; Richard Lindberg and Gwen Lindberg, d/b/a West Point News; Theodore M. Huettmann and Gladys M. Huettmann, d/b/a Wisner News-Chronicle; the Norfolk Daily News; Fremont Tribune; the Lincoln Journal newspaper; Omaha World-Herald Company, owner-publisher of Omaha World-Herald newspapers; The Associated Press wireservices; and Paul Douglas, Defendants.

No. 82–0–365.

United States District Court,
D. Nebraska.

May 6, 1983.

90

Ken L. Michaelis, pro se.

Charles F. Gotch of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, Neb., for the Nebraska State Bar Ass'n, Homer Ed Hurt, Jr. (Attorney in Scribner and Hooper, Neb.), James Egley (Attorney and member of 9th Judicial District Committee on Inquiry), Kenneth Olds (Chairman of 9th District Committee on Inquiry), Pliney M. Moodie (West Point City Attorney), Robert D. Moodie (West Point City Attorney), John M. Thor, Jr. (Former Cuming County Attorney), Stanley P. Gushard (Counsel for Committee on Inquiry) and William E. Webster (Attorney and member of 9th District Committee on Inquiry).

C.J. Gatz of Jewell, Otte, Gatz & Collins, Norfolk, Neb., for Richard P. Garden (Norfolk attorney who acted as Special Acting County Attorney in 1978 when Michaelis was being investigated for violation of state election laws during his campaign for county attorney.).

John D. Feller, Cuming County Atty., Beemer, Neb., for Lucille Toell (Cuming County Clerk) and Norris Maack (Chairman of Cuming County Board of Supervisors).

Michael McGill and Richard L. Lepp of McGill, Koley, Parsonage & Lanphier, Omaha, Neb., for Richard and Gwen Lindberg (Publishers of West Point *News*), The West Point *News,* Theodore M. and Gladys M. Huettmann (Publishers of the Wisner *News-Chronicle*), The Wisner *News-Chronicle,* The Norfolk *Daily News,* The Fremont *Tribune,* The Omaha World Herald Co. and The Associated Press Wire Service.

David Buntain of Cline, Williams, Wright, Johnson & Oldfather, Lincoln, Neb., for the Lincoln *Journal.*

Mel Kammerlohr, Asst. Atty. Gen., State of Neb., for Paul Douglas (Attorney General for the State of Nebraska).

## ORDER

HANSON,* Senior District Judge.

This matter comes before the court upon defendants' motions to dismiss the amended complaint for plaintiffs' failure to comply both with Rule 8, Fed.R.Civ.P., and with a prior order of this court. The motions are granted for the reasons urged by defendants and for the additional reasons that this court lacks subject matter jurisdiction and that plaintiffs have failed to state a claim upon which relief can be granted.

## I.

Plaintiff Kenneth Lee Michaelis is a lawyer who was disbarred from the practice of law in the State of Nebraska by order of the Nebraska Supreme Court on February 12, 1982. *State ex rel. Nebraska State Bar Ass'n v. Michaelis,* 210 Neb. 545, 316 N.W.2d 46 (1982). Michaelis initiated this *pro se* action in the United States District Court for the District of Nebraska on July 28, 1982. Named as plaintiffs were Michaelis, his wife, and his two minor children. Defendants were the Nebraska State Bar Association and nine Nebraska lawyers who apparently assumed roles in the disciplinary action taken against Michaelis. The complaint was 38 pages long and contained 98 paragraphs. The prayer for relief sought $17.4 million in "general, special, exemplary, punitive and consequential" damages.

This court, after being designated to perform duties in the District of Nebraska relating to this case, entered an order on January 26, 1983, dismissing the complaint without prejudice. The order indicated that while the complaint appeared to state a claim for damages pursuant to 42 U.S.C. § 1983, the majority of the complaint was a "circuitous diatribe far removed from the heart of any colorable claim." The complaint was needlessly long, repetitious, and

confused and it violated the Rule 8, Fed.R. Civ.P., requirements of a short and plain statement of the claim and simple, concise, and direct averments. Thereafter, Michaelis filed an amended complaint on March 4, 1983. This amended complaint is even more prodigious than the original pleading; it is 98 pages long, contains 144 paragraphs and names one additional plaintiff and 14 additional defendants. The court notes that Michaelis did reduce his prayer for relief in this amended complaint to $17 million. The additional plaintiff is Michaelis's daughter, Kari Lynn, who apparently was born in the interim between the filing of the original and amended complaints. The additional defendants are various Nebraska newspapers and their publishers, the Associated Press wireservices (collectively referred to as the "media defendants"), and the Attorney General of Nebraska, Paul Douglas. Predictably, the defendants have moved to dismiss this amended complaint based on the failure of Michaelis to comply with the court's order of January 23, 1983. *See* Rule 41(b), Fed.R.Civ.P. (providing for involuntary dismissals of actions for failure of the plaintiff to comply with the rules or any order of the court).

Wishing to afford Michaelis every reasonable opportunity to avoid such a precipitous demise to his cause of action, this court set the motions for oral argument, which was held on April 27, 1983. Both in his brief and at the argument, Michaelis dichotomized the problem before the court as a Manichaean struggle between the forces of enlightenment ("Voltaire, Luther, Aquinas, Erasmus, Bacon, Des Cartes, Rousseau, Jefferson, Madison, Franklin, Holmes, Harlan, Brandeis, Brennan, et al." Brief of Plaintiffs at 2), and the forces of darkness ("Hitler, Bormann, Goebbels, and Stalin," Brief of Plaintiffs at 7). The court, however, is compelled to address these motions on a less ethereal plane. At the considerable risk of falling victim to plaintiff's casuistry and being relegated to the forces of darkness, this court concludes that the amended complaint should be dismissed.

---

* The Honorable William C. Hanson, Senior Judge, United States District Court for the Northern and Southern Districts of Iowa, sitting by designation in the District of Nebraska.

As indicated, Michaelis's amended complaint is even more involved (and consequently even less in conformity with Rule 8) than his original complaint. This court realizes that when a plaintiff's complaint is dismissed for failure to comply with Rule 8, that dismissal should be with leave to amend. *Micklus v. Greer*, 705 F.2d 314 at 317 n. 3 (8th Cir.1983); *see Koll v. Wayzata State Bank*, 397 F.2d 124, 127 (8th Cir.1968). But "if the plaintiff has 'persisted' in violating the rule, the district court is justified in dismissing with prejudice." *Micklus, supra; see Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir.1981); *DeWitt v. Pail*, 366 F.2d 682, 685 (9th Cir.1966). Ample justification for such a dismissal is present here.

## II.

■ This court is further convinced that dismissal of this action is appropriate because there is a lack of subject matter jurisdiction and because Michaelis fails to state a claim upon which relief can be granted. *Cf. Micklus, supra*, 705 F.2d at 317 ("That a complaint cannot be read to make sense does not mean that the 'wrong for which redress is sought' cannot be gleaned." (citation omitted)).

Although the amended complaint contains numerous references to common law tort actions (e.g., slander, libel, intentional infliction of emotional distress), Michaelis expressly denied at oral argument that he was relying on diversity of citizenship as the jurisdictional basis for any of his claims. 28 U.S.C. § 1332. The court notes that any such claim would have been defeated at the outset because all parties to this action are Nebraska citizens. Michaelis affirmatively asserted that he relied solely on 28 U.S.C. §§ 1331 and 1343(a) as his bases for subject matter jurisdiction and that his causes of action were based on 42 U.S.C. §§ 1983, 1985(3) and 1986.

### A.

Having read Michaelis's 38-page original complaint, his 98-page amended complaint, his 18-page brief, and, further, having carefully listened to his one-hour argument in resistance to the motions to dismiss, this court concludes that the principal "wrong for which redress is sought" is defendants' alleged violation of Michaelis's First Amendment rights by initiating disciplinary proceedings against him which ultimately led to a judgment of disbarment by the Nebraska Supreme Court. The First Amendment issue was fully briefed and argued by Michaelis to the Nebraska Supreme Court and that court addressed this issue in its disposition. *See State ex rel. Nebraska State Bar Ass'n v. Michaelis*, 316 N.W.2d at 52–55. That the identical issue is being raised by Michaelis in this court is evidenced in part by his wholesale incorporation of long passages from his Reply Brief to the Nebraska Supreme Court in his amended complaint. *See* Amended Complaint filed March 4, 1983, at 60–74. The basis of this First Amendment claim before this court appears to be 42 U.S.C. § 1983. The court, however, seriously questions whether Michaelis has stated a claim upon which relief may be granted under this statute. He fails to indicate that any of the alleged conduct by defendants constituted action under color of State law, a necessary allegation in bringing a § 1983 action.

Furthermore, even if such allegations were made, this court lacks subject matter jurisdiction over Michaelis's complaint because he seeks review of a final judgment by the Nebraska Supreme Court. *District of Columbia Court of Appeals, et al. v. Feldman*, —— U.S. ——, ——, 103 S.Ct. 1303, 1314–16, 75 L.Ed.2d 206 (1983). In *Feldman*, the Court held that a United States district court had no subject matter jurisdiction to adjudicate whether bar applicants were subjected to an unconstitutional application of the bar admission rules for the District of Columbia. The Court held that the only forum in which state court application of bar admission rules or disciplinary rules may be reviewed is the United States Supreme Court. Michaelis sought review by the Supreme Court, but his case was dismissed. *Ken Lee Michaelis v. Nebraska State Bar Association*, —— U.S. ——, 103 S.Ct. 27, 74 L.Ed.2d 42 (1982). Consequently, under the teaching of *Feldman*, Michaelis has exhausted the only ave-

nue by which he may obtain review of his judgment of disbarment.

Although this court is convinced that all of Michaelis's claims now raised relating to his disbarment were previously raised before the Nebraska Supreme Court, it should be noted that *Feldman* further holds that even constitutional claims that were not raised in the state court adjudication may not be subsequently raised in a § 1983 action brought in federal district court.

It is possible that review of a state court decision by this Court could be barred by a petitioner's failure to raise his constitutional claims in the state courts.

. . . .

Moreover, the fact that we may not have jurisdiction to review a final state court judgment because of a petitioner's failure to raise his constitutional claims in state court does not mean that a United States District Court should have jurisdiction over the claims. By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court.

*Feldman, supra,* —— U.S. at —— n. 16, 103 S.Ct. at 1315 n. 16.

Finally, the court notes that *Feldman* does hold that a facial challenge to the constitutionality of state bar disciplinary rules states a claim over which a federal district court would have subject matter jurisdiction. *Id.* —— U.S. at ——, 103 S.Ct. at 1317 ("United States District Courts, therefore, have subject matter jurisdiction over general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state court judgment.") But in the instant case there is no indication that Michaelis is making a facial challenge to state supreme court-promulgated disciplinary rules. His complaint stems from the application of those rules to him and he asks only for damages by way of relief. Accordingly, this court lacks subject matter jurisdiction as to any and all constitutional claims raised by Michaelis relating to his disbarment.

**B.**

■ Michaelis further asserted both in his brief (at 13) and at oral argument that his cause of action against the media defendants is grounded in 42 U.S.C. §§ 1985(3) and 1986. On this score, the court concludes that Michaelis has failed to state a claim upon which relief can be granted. The court gathers that the principal wrong committed by the media defendants was their failure to report the "truth" —as Michaelis saw it—of the events surrounding the bar disciplinary proceedings. To state a cause of action under 42 U.S.C. § 1985(3), a complaint must allege that the defendants did (1) "conspire or go in disguise on the highway or on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." *Griffin v. Breckenridge,* 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). It is further required that a complaint must allege that defendants' conduct was motivated by "racial, or perhaps otherwise class-based invidiously discriminatory animus." *Id.* See *Kush v. Rutledge,* —— U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). Section 1985(3) also proscribes conspiracies to prevent citizens from supporting or advocating candidates for federal elective office and conspiracies to injure citizens for exercising their right to support or advocate candidates. None of these allegations appear in the complaint, nor do the various "unconstitutional" actions allegedly taken by the media defendants even remotely fall within the proscriptions of this statute. Because no cause of action has been stated under § 1985(3), there is no cause of action stated under § 1986, which provides a remedy for misprision of a violation of § 1985. *See, e.g., Williams v. St. Joseph Hospital,* 629 F.2d 448, 452 (7th Cir.1980); *Hamilton v. Chaffin,* 506 F.2d 904, 914 (5th Cir.1975).

**III.**

The court concludes that defendants' motions to dismiss the amended complaint should be granted. Plaintiffs have egre-

giously failed to comply with an order of this court and with the Federal Rules of Civil Procedure. In addition, after careful consideration of the plaintiffs' pleadings, brief, and argument, the court believes that it has elicited the wrongs for which redress is sought. These wrongs are not cognizable in this court because the court lacks subject matter jurisdiction and because plaintiffs have failed to state a claim upon which relief may be granted.

Accordingly, IT IS ORDERED that the amended complaint be dismissed with prejudice.