Ken L. MICHAELIS (formally known as Kenneth L. Michaelis); and Iona Rae Michaelis; and Rory Lee Michaelis, a Minor by Ken L. Michaelis, his father and next friend; and Kyle Lee Michaelis, a Minor by Ken L. Michaelis, his father and next friend; and Kari Lynn Michaelis, a Minor by Ken L. Michaelis, her father and next friend, Plaintiffs,

v.

Norman M. KRIVOSHA, Leslie Boslaugh, William C. Hastings, Hale McCown, Donald Brodkey, Lawrence M. Clinton (Deceased), Edward Asche, Dixon G. Adams, Pliny M. Moodie, Robert D. Moodie, Homer Ed Hurt, Jr., Stanley P. Gushard, Kenneth Olds, James Egley, John M. Thor, Jr., William E. Webster, all being members of the Nebraska State Bar Association and being Nebraska lawyers, and the Nebraska State Bar Association, a Nebraska Association consisting of all licensed Nebraska lawyers, all Nebraska lawyers, Defendants.

No. 83–0–97.

United States District Court,
D. Nebraska.

May 6, 1983.

Ken L. Michaelis, pro se.

Mel Kammerlohr, Asst. Atty. Gen., State of Neb., Lincoln, Neb., for Norman M. Krivosha, Leslie Boslaugh, William C. Hastings, Hale McCown, Donald Brodkey and Lawrence M. Clinton (deceased and not served).

Charles F. Gotch, Omaha, Neb., for Edward Asche (Court-appointed referee in disbarment proceedings), Dixon G. Adams, (Nebraska attorney), Pliny M. Moodie, Robert D. Moodie, Homer Ed Hurt, Jr., Stanley P. Gushard, Kenneth Olds, James Egley, John M. Thor, Jr., William E. Webster and The Nebraska State Bar Assn.

## ORDER

HANSON,[*] Senior District Judge.

Plaintiff Kenneth Lee Michaelis filed this action on February 11, 1983. For all intents and purposes, it is indistinguishable from Michaelis's other action, No. 82–0–365, 566 F.Supp. 89, except that some of the defendants are different. In this action, Norman M. Krivosha, Leslie Boslaugh, William C. Hastings, Hale McCown, and Donald Brodkey are justices of the Nebraska Supreme Court. Lawrence M. Clinton, who is deceased, was a Nebraska Supreme Court justice at the time that court entered judgment of disbarment against Michaelis. *State ex rel. Nebraska State Bar Ass'n v. Michaelis,* 210 Neb. 545, 316 N.W.2d 46 (1982). The other named defendants in this action are all defendants in No. 82–0–365, except for attorneys Edward Asche and Dixon G. Adams. As in No. 82–0–365, the gravamen of this lawsuit is the alleged unconstitutional action of defendants in initiating disciplinary proceedings against Michaelis. Also as in No. 82–0–365, the statutory basis for his claims is 42 U.S.C. § 1983. Also as in No. 82–0–365, the complaint in this case is needlessly long and repetitious with many conclusory and downright malignant[1] allegations. Defendants move to dismiss the complaint for failure of Michaelis to comply with Rule 8, Fed.R.Civ.P. In addition, the defendant justices invoke the doctrine of *absolute immunity from suit.*

As the court observed in its order in No. 82–0–365, ordinarily a dismissal under Rule 8 should be with leave to amend. Such deference, however, is uncalled for when the plaintiff persists in ignoring the admonitions of the court. The court observes that the complaint in this case was filed after the court's order in No. 82–0–365 admonishing plaintiff to conform to Rule 8. Following this admonition, plaintiff filed a 60-page complaint in the instant case, plus an amended 98-page complaint in No. 82–0–365. Under these circumstances, the court refuses to permit plaintiff to amend his complaint in this action. It is apparent that such action by the court would only result in the plaintiff filing an amended complaint similar in proportion and malignancy to the instant complaint.

---

[*] The Honorable William C. Hanson, Senior Judge, United States District Court for the Northern and Southern Districts of Iowa, sitting by designation in the District of Nebraska.

1. *See, e.g.,* Paragraph 66, page 45 of the Complaint:

> 66. That plaintiff Ken L. Michaelis cannot display any evidence of remorese [sic] or sorrow with regard to his *conduct*—for his conduct is and has been more than exemplary. He should have killed the despicable evil trash that fabricated the whole "mental illness" scheme and those that carried it out! Any red-blooded American would have been so justified in killing such trash just as the early destruction of Hitler was to be exalted.

■ Furthermore, it is well established that judges and justices are absolutely immune from suits for damages under 42 U.S.C. § 1983 for acts performed in their judicial capacities. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). It is apparent here that Michaelis is suing the justices of the Nebraska Supreme Court in retaliation for their entry of a judgment of disbarment against him.[2] Accordingly, the doctrine of absolute immunity operates to bar further prosecution of this lawsuit.

■ Finally, the court's prior ruling in No. 82–0–365 that there is no subject matter jurisdiction over the claims against the defendant lawyers who participated in the disciplinary proceedings against Michaelis applies with equal force here. *See District of Columbia Court of Appeals, et al. v. Feldman,* —— U.S. ——, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Accordingly, for all the foregoing reasons, IT IS HEREBY ORDERED that the complaint be dismissed with prejudice.

---

**2.** *See, e.g.,* Paragraph 1, page 1 of the Complaint:

1. In the judgment and opinion of the Nebraska Supreme Court ... that arbitrarily, capriciously, and unconstitutionally disbarred plaintiff Ken L. Michaelis as a practicing Nebraska lawyer, the following libelous, slanderous, defamatory, untrue, deceiving, unfounded, and/or malicious statements were made ....