717 F.2d 437
 Ken L. MICHAELIS (formally known as Kenneth L. Michaelis)
and Iona Rae Michaelis; Rory Lee Michaelis, a Minor, by Ken
L. Michaelis, his father and next friend, and Kyle Lee
Michaelis, a Minor, by Ken L. Michaelis, his father and next
friend, Appellants,
v.
The NEBRASKA STATE BAR ASSOCIATION, a Nebraska Association,
and Homer Ed Hurt, Jr.; James Egley; Kenneth Olds; Pliny
M. Moodie; Robert D. Moodie; John M. Thor, Jr.; Stanley
P. Gushard; William E. Webster, all Nebraska lawyers and
members of the Nebraska State Bar Association; Richard P.
Garden, a Nebraska lawyer and member of the Nebraska State
Bar Association; Lucille Toelle; Norris Maack; Richard
Lindberg; Gwen Lindberg, d/b/a West Point News; Theodore
M. Huettmann and Gladys M. Huettmann, d/b/a Wisner
News-Chronicle; The Norfolk Daily News; Fremont Tribune;
Lincoln Journal newspaper; Omaha World Herald Company,
owner-publisher of Omaha World Herald newspapers; The
Associated Press Wireservices and Paul Douglas, Appellees.
Ken L. MICHAELIS (formally known as Kenneth L. Michaelis)
and Iona Rae Michaelis; Rory Lee Michaelis, a Minor, by Ken
L. Michaelis, his father and next friend, Kyle Lee
Michaelis, a Minor, by Ken L. Michaelis, his father and next
friend, and Kari Lynn Michaelis, a Minor, by Ken L.
Michaelis, her father and next friend, Appellants,
v.
Norman M. KRIVOSHA; Leslie Boslaugh; William C. Hastings;
Hale McCown; Donald Brodkey; Lawrence M. Clinton
(deceased); Edward Asche; Dixon G. Adams; Pliny M.
Moodie; Robert D. Moodie; Homer Ed Hurt, Jr.; Stanley P.
Gushard; Kenneth Olds; James Egley; John M. Thor, Jr.;
William E. Webster, all being members of the Nebraska State
Bar Association; The Nebraska State Bar Association, a
Nebraska Association consisting of all licensed Nebraska
lawyers, all Nebraska lawyers, Appellees.
 No. 83-1766.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 7, 1983.
Decided Sept. 13, 1983.
 
 Paul L. Douglas, Atty. Gen., Melvin K. Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., Michael McGill, Robert L. Lepp, of McGill, Koley, Parsonage & Lanphier, P.C., Charles F. Gotch and Dennis R. Riekenberg, of Cassem, Tierney, Adams, Gotch & Douglas, Omaha, Neb., for appellees.
 Rory Lee Michaelis and Ken L. Michaelis, pro se.
 Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a consolidated appeal from the district court's dismissal of civil rights complaints. On appeal the issue is whether the district court properly dismissed the complaints with prejudice for refusal to comply with the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction. Having considered the record, we affirm.
 
 
 2
 Appellant Ken L. Michaelis was disbarred for his actions during his 1978 campaign for County Attorney of Cuming County, Nebraska. See State ex rel. Nebraska State Bar Association v. Michaelis, 210 Neb. 545, 316 N.W.2d 46, cert. denied, --- U.S. ----, 103 S.Ct. 27, 74 L.Ed.2d 42 (1982). Following his disbarment Michaelis filed two actions in federal court, alleging deprivation of various rights. His initial complaint was dismissed, without prejudice and with leave to amend, for lack of compliance with Fed.R.Civ.P. 8. He then filed a complaint commencing a second action and later filed an amended complaint pursuant to the terms of the earlier dismissal. Both of these complaints were substantially similar to his initial complaint in form, content and parties. After a consolidated hearing on motions to dismiss filed in both cases, the district court dismissed both complaints with prejudice, 566 F.Supp. 89 and 566 F.Supp. 94.
 
 
 3
 Under Rule 8(a) a claim for relief is required to contain a short and plain statement of the claim. Similarly, Rule 8(e)(1) specifies that each averment of a pleading is to be simple, concise and direct. Ordinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8 should be with leave to amend. See Koll v. Wayzata State Bank, 397 F.2d 124, 127 (8th Cir.1968). But if the plaintiff has persisted in violating Rule 8 the district court is justified in dismissing the complaint with prejudice. See Micklus v. Greer, 705 F.2d 314, 317 n. 3 (8th Cir.1983).
 
 
 4
 In the present case Michaelis refused persistently to comply with the requirements of Rule 8 despite adequate warning from the district court and sufficient opportunity to do so. Michaelis' first complaint consisted of 38 unnumbered pages containing 98 paragraphs. The district court found this complaint "needlessly long, repetitious and confused," and ordered the complaint dismissed with leave to amend. The amended complaint covered 98 pages and 144 numbered paragraphs. Moreover, before the amended complaint was filed, Michaelis commenced a second similar action by filing a 60-page complaint containing 99 numbered paragraphs. The style and prolixity of these pleadings would have made an orderly trial impossible. Michaelis' deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8 justified dismissal of the complaints with prejudice.
 
 
 5
 In addition, the district court properly dismissed the complaints on the further ground that it lacked subject matter jurisdiction. Essentially, the complaints raise issues that were fully litigated in Michaelis' disciplinary proceedings before the Nebraska Supreme Court. Michaelis properly sought review of this decision in the United States Supreme Court. Relief was denied. His subsequent complaints that raise the same issues before the district court constitute an improper attempt to obtain federal district court review of a state court judgment. See District of Columbia Court of Appeals v. Feldman, --- U.S. ----, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In emphasizing the primacy of state interest in regulating the bar, the Court in Feldman observed that " '[o]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.' " 103 S.Ct. at 1316 n. 16 (quoting MacKay v. Nesbett, 412 F.2d 846, 846 (9th Cir.), cert. denied, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969)). Accord, In re Randall, 640 F.2d 898, 901 (8th Cir.) (certiorari to the United States Supreme Court is the sole means of reviewing disbarment by state supreme court), cert. denied, 454 U.S. 880, 102 S.Ct. 361, 70 L.Ed.2d 189 (1981).
 
 
 6
 Consequently, the dismissals by the district court are affirmed.