**Gary WHITE, Plaintiff,**

v.

**Daniel MURPHY, et al., Defendants.**

**No. 79–784C(1).**

United States District Court,
E.D. Missouri, E.D.

Feb. 22, 1984.

---

Larry B. Luber, St. Louis, Mo., for plaintiff.

Thomas B. Hayes, Edward S. Meyer, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, Chief Judge.

This matter is before the Court on defendant Murphy's motion to dismiss or in the alternative to file an amended answer to plaintiff's second amended complaint. As grounds for the motion, defendant Murphy argues that plaintiff's claims are barred by the doctrines of prosecutorial immunity and res judicata, and by the statute of limitations.

Plaintiff was convicted of first degree robbery in 1975. Among the defendants to the present action is Daniel Murphy, the prosecuting attorney in his criminal trial. The complaint consists of four counts whereby plaintiff accuses the defendants of: (1) wilfully removing him from the courtroom during the criminal proceedings; (2) conspiring to conceal the unlawful character of his arrest, to suppress testimony favorable to him, and to deny him access to witnesses favorable to his defense; (3) conspiring to select an all white jury; and (4) conspiring to sign a false transcript of the proceedings.

The original complaint was filed June 27, 1979, and on August 28, 1979, this Court dismissed the action on the ground of prosecutorial immunity. The Eighth Circuit Court of Appeals affirmed this Court's ruling as to defendant Murphy in *White v. Bloom*, 621 F.2d 276 (8th Cir.1980). Plaintiff has subsequently filed two amended complaints, naming Murphy as a defendant in each.

Defendant Murphy first contends that the claims against him are barred by the doctrine of *res judicata*. The parties are the same in the two complaints and the dismissal of the original complaint constitutes a final dismissal on the merits. *Micklus v. Greer*, 705 F.2d 314 (8th Cir.1983). The only assertion that plaintiff takes issue with is that the cause of action in the original and second amended complaints is the same.

In arguing that the claims differ, plaintiff states that the second amended complaint alone contains allegations that defendant conspired to sign and verify a transcript of the criminal trial which he knew to be false and misleading. Plaintiff argues that defendant Murphy was shielded from liability under the first complaint by prosecutorial immunity, but that immunity does not extend to the false transcript allegations of the second amended complaint.

The original complaint does contain allegations that Murphy conspired to sign a false transcript. This fact was recognized by the Eighth Circuit, as well. The court stated, "[o]n appeal, [defendant] Walsh continued to 'misrepresent' White by ... signing, with defendants Bloom and Murphy, a trial transcript which they had altered and knew to be false." *White v. Bloom*, 621 F.2d at 278. Despite this acknowledgment that defendant Murphy had been accused of signing a false transcript, it nonetheless upheld the district court's holding that Murphy was cloaked with prosecutorial immunity. *Id.* at 280.

The additional claims filed against defendant Murphy were also clearly set out in the original complaint. Plaintiff makes no attempt to argue otherwise. Therefore,

because the claims and the parties to the complaints are identical, the complaint against defendant Murphy must be dismissed. Plaintiff is barred by the doctrine of *res judicata* from relitigating the question of Murphy's liability. *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C.Cir. 1981).

It is unnecessary for this Court to consider the merits of defendant's remaining grounds for dismissal.