974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
Robert PLINE, in his individual capacity; Roy Cunningham,
in his individual capacity, Defendants-Appellees.
 No. 92-1172.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1992.
 
 Before KENNEDY and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Jackson, a pro se Michigan state prisoner, appeals the dismissal of his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson filed this action against the physical plant supervisor and food service director of the Michigan Reformatory, alleging that he had been confined under conditions violating the Eighth Amendment during the eight months he was housed at that institution. Specifically, he complained that his cell was infested with vermin and rodents, and that the food served was not adequately heated. The district court noted that Jackson had previously filed a complaint against the warden of the Michigan Reformatory, the director of the Michigan Department of Corrections, and the governor of Michigan, which raised these same claims, as well as alleging that the Reformatory provided inadequate bedding, showers, recreation and access to telephones. That complaint had been dismissed under Fed.R.Civ.P. 12(b)(6), on the ground that the claims were conclusory. The dismissal was affirmed by this court. Accordingly, the district court in this case concluded that the complaint was barred under the doctrine of res judicata, and dismissed the complaint.
 
 
 3
 Upon consideration, it is concluded that the complaint was properly dismissed as barred by claim preclusion. The previous judgment on the merits precludes relitigation of issues that were or could have been raised in the previous action. Kremer v. Chemical Construction Corp., 456 U.S. 461, 467 n. 6 (1982). Although Jackson named different state employees in this second case, he is barred from raising the same claim against them as they are in privity with the previous defendants. See Micklus v. Greer, 705 F.2d 314, 317 (8th Cir.1983).
 
 
 4
 Accordingly, the district court's order dismissing this complaint is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.