Debra C. **MIDDLETON**, Plaintiff,

v.

**CITY OF LAKELAND**, Defendant.

No. 92–201–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

Sept. 15, 1993.

Debra C. Middleton, pro se.

Timothy J. McCausland, Mark Nelson Miller, Hahn, Breathitt, Watson & Miller, Lakeland, FL, for defendant.

## *ORDER*

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on the Motion to Dismiss the Plaintiff's Complaint filed by the Defendant City of Lakeland.

The Court must read Plaintiff's *pro se* allegations liberally, holding them to a less stringent standard than those drafted by an attorney. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Under this more lenient standard, the complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). With this standard in mind, the Court turns to consideration of Plaintiff's Amended Complaint, beginning with a brief history of two previously dismissed claims.

## I. PROCEDURAL HISTORY

On January 19, 1990, Plaintiff filed a first civil complaint before this Court under Title VII of the Civil Rights Act of 1964, additionally claiming sexual harassment and violations of the Equal Pay Act of 1963 and the Fair Labor Standards Act. (Case No. 90–64–CIV–T–20A) Plaintiff's complaint was dismissed without prejudice on October 31, 1991, because she did not respond and show cause why the matter should not be dismissed for failure to perfect service and for failure to prosecute under Local Rule 3.10. According to Judge Schlesinger's order, Plaintiff never received a copy of the Court's Order requiring her to respond, since she neglected to inform the Court of her new address.

On February 14, 1992, Plaintiff filed a second civil complaint before this Court, alleging violations under Title VII, 29 U.S.C. § 216(b), the Fair Labor Standards Act, 42 U.S.C.1983, and the Equal Pay Act. (Case No. 92–201–CIV–T–17A) Plaintiff's second complaint on its face showed that Plaintiff had not yet received the Equal Opportunity Commission's Notice of Right to Sue letter, a jurisdictional prerequisite for Title VII actions under 42 U.S.C. § 2000e–5(f)(1). This second complaint was dismissed *sua sponte* on November 3, 1992, with leave to amend on or before November 20, 1992.

On November 19, 1992, Plaintiff filed a third civil complaint, which now comes before this Court. Plaintiff alleges violations under Title VII, 29 U.S.C. 216(b), the Equal Pay Act, 42 U.S.C.1983, and the Fair Labor Standards Act. Defendant seeks dismissal with prejudice of this Amended Complaint.

## II. DISCUSSION

Defendant first alleges that Plaintiff's claim fails for insufficiency of service of process under Rule 4(c)(1) or (2) and Rule 4(d)(6), Fed.R.Civ.P., in that the Defendant, CITY OF LAKELAND, is a municipal corporation organized under the laws of the State of Florida, and that service of Plaintiff's summons and complaint by U.S. mail was therefore improper. Service under Rule 4(c)(1) shall be by United States marshal, deputy United States marshal, or by a per-

son specially appointed to serve process, and under Rule 4(c)(2), by any non-party over 18 years of age, Fed.R.Civ.P. Under Federal Rule of Civil Procedure 4(d)(6), service upon a state or municipal corporation is either by delivery of a copy of the summons and complaint to the chief executive officer or in the manner prescribed by state law. Florida Statute § 48.111, which applies to service on public agencies and officers, does not require any specific means of service of process.

 Plaintiff, proceeding *in forma pauperis*, is entitled to service by the U.S. Marshal under Federal Rule of Civil Procedure 4(c)(2)(B)(i), Title 28 U.S.C. § 1915(c). A party proceeding *in forma pauperis* is entitled to rely on the United States Marshals to effect proper service and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part. *Fowler v. Jones*, 899 F.2d 1088 (11th Cir.1990). Receipt of Plaintiff's summons and complaint was acknowledged and returned in a timely manner by the Assistant City Attorney, who was served on behalf of the Defendant, CITY OF LAKELAND.

Since service of process was by mail **through the U.S. Marshal's office,** and particularly since state law expresses no explicit preference for any precise form of service, Plaintiff should not be penalized for the U.S. Marshal's failure to deliver her summons and complaint. The Assistant City Attorney's prompt acknowledgement shows that Defendant has received Plaintiff's service of process. Defendant's allegations regarding insufficiency of service of process are therefore ungrounded, and personal jurisdiction has been established by proper service. Because the Court finds no insufficiency of service of process, Defendant's fifth allegation, concerning timely service of process, is mooted.

Defendant's second allegation concerns Plaintiff's claim under 42 U.S.C.S. § 1983. Defendant mischaracterizes *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60

L.Ed.2d 957 (1979), when he states that § 1983 actions may not be brought to enforce Title VII rights. *Great American* holds that a deprivation of a right created by 42 U.S.C.S. §§ 2000e, Title VII of the Civil Rights Act of 1964, cannot be the basis for a cause of action under 42 U.S.C. § 1985(3). *Id.,* at 378, 99 S.Ct. at 2352. Although both sections descend from the Civil Rights Act of 1871, § 1983 is derived from § 1 of the 1871 Act, providing a remedy for **state** action, while § 1985 is derived from § 2 of the 1871 Act and provides a remedy for **private, conspiratorial** action. One significant difference between the two sections is that § 1985 cannot provide a remedy for private acts of discrimination which violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *Id.,* at 384, 99 S.Ct. at 2355.

 The question remains, however, whether Plaintiff's *pro se* complaint meets the minimal pleading requirements under 42 U.S.C.S. § 1983. To maintain an action under § 1983,[1] Plaintiff must prove two elements: (1) that she was deprived of "rights, privileges or immunities" protected by the Constitution or federal law; and, (2) that the deprivation was caused by a person acting under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). However, Defendant is correct in stating that Plaintiff must also plead and prove that **official custom or policy** was the moving force behind the constitutional violation in the case of municipal defendants. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Although Plaintiff has sufficiently met the first two elements of her claim under 42 U.S.C.S. § 1983, from the bare bones of her Complaint the Court is unable to discern any set of facts that would entitle her to relief when the third element is considered. The Court therefore dismisses Plaintiff's claim under 42 U.S.C.S. § 1983 for failure to state a claim.

---

**1.** § 1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of

the United States or other person within the jurisdiction thereof to the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

■ Defendant's third allegation, part A, states that under 29 U.S.C.S. § 255 the two year statute of limitations has run on Plaintiff's claim of violations of the Equal Pay Act and the Fair Labor Standards Act. Under Federal Rule of Civil Procedure 15(c)(2), an amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. As shown in Defendant's own Exhibit "A", Plaintiff's original action was filed on January 1, 1990, within 2 years of the conduct complained of, which occurred on February 16, 1988. As the limitations period under 29 U.S.C.S. § 255(a) ends when Plaintiff "commences" her action, this Court finds Plaintiff's Amended Complaint to be timely.

■ However, Defendant is correct in Part B of his third allegation that Plaintiff's Amended Complaint does not contain the factual declarations necessary to support a claim under the Equal Pay Act or the Fair Labor Standards Act. Per *Odomes v. Nucare*, 653 F.2d 246, 250 (6th Cir.1981), to establish a claim under the Equal Pay Act plaintiff has the burden to prove that the employer pays different wages to employees of opposite sexes for equal work on jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions.

■ Keeping in mind the more lenient standard afforded the *pro se* litigant, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), this Court finds that Plaintiff's complaint for violation of the Equal Pay Act and the Fair Labor Standards Act should be dismissed, with leave to amend. Plaintiff must include specific acts, practices, or factual incidences in any subsequent amended complaint concerning Equal Pay Act and Fair Labor Standards Act violations.

■ The Court now turns to Defendant's fourth allegation, that Plaintiff's Complaint fails to state a factual basis for her Title VII claim. One of Defendant's cited authorities in his request for dismissal, *Dillard v. Mer-*

*rill Lynch*, 901 F.2d 1148 (11th Cir.1992), is misleading, as it is nonexistent. Plaintiff alleges that she was "transferred, suspended, and discharged" and that she was "sexually harassed and denied promotions" in response to her filing of a Title VII claim with the Equal Opportunity Commission. In the Commission's Determination, dated July 2, 1990, the EEOC found reasonable cause to believe that Plaintiff was involuntarily transferred because she protested practices unlawful under Title VII.

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–56, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Moreover, the Court must accept the factual allegations set forth in the complaint as true. *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

This Court is not prepared to say that Plaintiff can prove no set of facts that would entitle her to relief. Accepting these allegations as true, which this Court must, the Court finds Plaintiff's claim contains language which could be construed as assertions of specific instances of denial of privilege or protection under Title VII, and allows her Title VII claim to stand.

■ In Defendant's sixth and last allegation, Defendant states that Plaintiff has had three opportunities to state a cause of action and asks for dismissal of Plaintiff's Amended Complaint with prejudice. As authority, Defendant cites *King v. Fayette County*, 92 F.2d 457 (D.C.Pa.1981), which is nonexistent, and *Michaelis v. Nebraska State Bar Association*, 717 F.2d 437 (8th Cir.1983). In contrast to Plaintiff's *pro se* status, Michaelis was a disbarred attorney whose "deliberate persistence" in refusing to conform his pleadings to Rule 8, Federal Rules of Civil Procedure, caused the court to dismiss a third amended complaint with prejudice. *Id.*, at 438, 439.

This Court again reminds the Defendant that *pro se* litigants' pleadings are to be held to less stringent standards than pleadings

drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). On this basis, Defendant's request for dismissal with prejudice is denied. Plaintiff should keep in mind, however, that despite her *pro se* status and the liberal rules which govern pleadings there are reasonable limitations on the number of amendments allowed, and the grant or denial of an opportunity to amend is within the discretion of the District Court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Plaintiff should not try the patience of this Court by further failure in any subsequent amended pleading. With that in mind, this Court allows Plaintiff 30 days from the date of this Order within which to amend those portions of her complaint which have not been dismissed.

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint is denied in part, and granted in part, with leave to amend.

**DONE and ORDERED.**