848 F.2d 909
 12 Fed.R.Serv.3d 243
 James A. MANGAN, on behalf of himself and the following four
similarly situated classes; all other persons deprived of
Physical Profile Board processes; those who have been
wrongfully assigned a "4" physical profile code by AFEES;
those who have been deprived of their right to counseling
after examination; those who had their medical examination
forged with a counterfeit stamp and/or unlawfully concealed, Appellant,
v.
Caspar WEINBERGER, District of Columbia, Office of the
Secretary of Defense et al., Appellees.
Dr. David W. CLINE,
v.
James A. MANGAN.
James A. MANGAN, on behalf of himself and the following four
similarly situated classes; all other persons deprived of
Physical Profile Board processes; those who have been
deprived of their right to counseling after examination;
those who had their medical examination forged with a
counterfeit stamp and/or unlawfully concealed, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 87-5462.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 27, 1988.
Decided June 8, 1988.
Rehearing and Rehearing En Banc Denied July 27, 1988.
 
 William G. Mose, Brainerd, Minn., for appellant.
 Jerome G. Arnold, U.S. Atty., and Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for appellees.
 Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 James A. Mangan appeals from a final order entered in the District Court[1] for the District of Minnesota granting appellees' motions to dismiss appellant's amended complaints in two consolidated actions based upon his disenrollment from the Reserve Officers Training Corps (ROTC). Mangan v. Weinberger, Civ. No. 3-85-1692 (D.Minn. Aug. 31, 1987) (final order); id. (Feb. 13, 1987) (memorandum and order). For reversal, appellant argues that the district court erred in holding that (1) he failed to comply with the pleading requirements of Fed.R.Civ.P. 8; (2) his claims for damages were barred under the Feres[2] doctrine; and (3) his claims for declaratory and injunctive relief were not subject to judicial review. Appellees request damages and single or double costs pursuant to Fed.R.App.P. 38 and 28 U.S.C. Sec. 1912 on the basis that the appeal is frivolous and was taken in bad faith. For the reasons discussed below, we affirm the district court's order dismissing the amended complaints and deny appellees' request for additional sanctions. Appellant's counsel's motion to withdraw is granted.
 
 
 2
 On October 17, 1985, appellant filed suit (Civ. No. 3-85-1692) against Caspar Weinberger and 129 other military personnel in their individual and official capacities. The complaint was 432 pages long and contained 28 counts detailed in 1,793 paragraphs. On October 18, 1985, appellant filed a second action in which the United States was the sole named defendant (Civ. No. 3-85-1695). The complaint was 622 pages long and contained 64 counts detailed in over 1,800 paragraphs. In both complaints, appellant sued on his own behalf and on behalf of four classes of plaintiffs; he sought mandamus, declaratory and injunctive relief, compensatory damages of $8,140,000, punitive damages of $4,740,000, and nominal damages of $2 per defendant. Finding the second action to be essentially duplicative of the first, the district court consolidated the cases.
 
 
 3
 Appellant alleged that he had been improperly designated as having a paranoid personality disorder, that various appellees had conspired to disenroll him from ROTC based upon his affiliation with the Minnesota Democratic Farmer Labor Party, and that the administrative proceedings surrounding his disenrollment did not satisfy due process. As best as the district court could decipher from the complaints, appellant asserted claims under the Federal Tort Claims Act (28 U.S.C. Secs. 1346(b), 2671-2680), Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), certain civil rights statutes (42 U.S.C. Secs. 1983, 1985, 1986), and the common law.
 
 
 4
 On the motions of several defendants, the district court dismissed appellant's complaints on July 24, 1986, without prejudice, for failure to comply with the pleading requirements of Fed.R.Civ.P. 8. Specifically, the district court found that the complaints consisted of rambling factual allegations and included an excessive number of pages which were either blank or contained only single phrases. The district court allowed appellant thirty days in which to file amended complaints and imposed sanctions pursuant to Fed.R.Civ.P. 11 in the amount of $1,000 against appellant and his attorney. The district court admonished appellant and counsel "for the blatant violation of the Rule 8 requirements" and specifically cautioned that if they persisted to violate Rule 8, the complaints could be dismissed with prejudice.[3]
 
 
 5
 Appellant's attorney filed amended complaints in both actions on August 25, 1986, the last day for timely filing the amended complaints. Although appellant succeeded in reducing the total number of pages of each complaint, he did so primarily by using a smaller size of type, narrowing the margins, single-spacing the allegations, eliminating numerous pages of quoted army regulations, and deleting blank paragraphs and pages which he had previously "reserved for future amendments."[4]
 
 
 6
 On February 13, 1987, on motion of the United States and its employees, the district court dismissed the amended complaints with prejudice for failure to comply with Fed.R.Civ.P. 8. The district court found appellant's amended complaints to be "rambling and needlessly long and confusing" and "only a slight improvement over the initial complaints." The district court denied appellees' requests for additional Fed.R.Civ.P. 11 sanctions. In addition, the district court held that the amended complaints failed to state a claim upon which relief could be granted.[5]
 
 
 7
 Because judgment was not entered following the dismissal, appellant moved for an amended order to perfect his right to appeal.[6] The district court granted appellant's motion and, on August 31, 1987, issued an order dismissing the amended complaints with prejudice. This timely appeal followed.
 
 
 8
 Fed.R.Civ.P. 8 provides in subdivisions (a) and (e) that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and shall be "simple, concise, and direct."
 
 
 9
 A complaint which fails to comply with Rule 8 may be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b) after allowing time to file an amended complaint. See Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir.1983) (per curiam) (Michaelis ); Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 673-74 (9th Cir.1981) (Nevijel ). "Dismissal is, however, a drastic sanction which should be sparingly exercised and is reviewable for abuse of discretion." Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir.1971).
 
 
 10
 After reviewing the original and amended complaints, and in light of the express warning from the district court and the opportunity afforded appellant to comply with Fed.R.Civ.P. 8, we conclude that the district court did not abuse its discretion in holding that appellant's "deliberate persistence in refusing to conform his pleadings to the requirements of Rule 8 justifie[s] dismissal ... with prejudice." Order of Feb. 13, 1987, slip op. at 5, citing Michaelis, 717 F.2d at 439; see Nevijel, 651 F.2d at 674. The amended complaints wholly failed to comply with Fed.R.Civ.P. 8; they were unreasonably verbose, confusing, and conclusory.
 
 
 11
 Accordingly, the district court's order dismissing the amended complaints with prejudice for failure to comply with Fed.R.Civ.P. 8 is affirmed. We need not reach appellant's remaining arguments on appeal.
 
 
 12
 Appellees' request for additional sanctions is denied. Appellant's counsel's motion to withdraw is granted.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota
 
 
 [2]
 Feres v. United States, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950) (Feres ) (United States is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are sustained in the course of activity incident to service)
 
 
 [3]
 The district court's admonition and warning are not part of the record on appeal but are referred to in the district court's order of February 13, 1987, slip op. at 4
 
 
 [4]
 The amended complaint in the first action consisted of 24 pages and 364 paragraphs and presented 15 causes of action. Attached to the amended complaint was a 17-page, single-spaced "Continuation of the Facts," a television "I-Team Report" and exhibits. Appellant reduced the number of defendants, but continued to name 99 defendants, 56 of whom he sued in both their official and individual capacities. The amended complaint in the second action against the United States was 26 pages long and contained 375 paragraphs and 65 causes of action. It also was accompanied by numerous attachments and exhibits
 
 
 [5]
 In addition, treating appellees' motion to dismiss under Fed.R.Civ.P. 12(b)(6) as one for summary judgment, the district court concluded that appellant's claims for damages were barred under Feres and that appellant's claims for declaratory and injunctive relief were not subject to judicial review
 
 
 [6]
 E.g., In re Ozark Equip. Co., 761 F.2d 481, 484 (8th Cir.1985)