**Mary VAKALIS and George Vakalis,
Plaintiffs, Appellants,**

v.

**SHAWMUT CORPORATION, et al.,
Defendants, Appellees.**

No. 90–1659.

United States Court of Appeals,
First Circuit.

Submitted Nov. 15, 1990.

Decided Feb. 11, 1991.

---

George Vakalis and Mary D. Vakalis, on brief, pro se.

Thomas F. Parker and Sorokin, Sorokin, Gross, Hyde & Williams, on brief, Hartford, Conn., for defendants-appellees Cooley, Shrair, Alpert, Labovitz & Dambrov, P.C. and Alan S. Dambrov.

Richard S. Lipman, Schatz & Schatz, Ribicoff & Kotkin, Hartford, Conn., Sanford F. Remz and Widett, Slater & Goldman, P.C., on brief, Boston, Mass., for defendants-appellees T. Phillip Leader and Mason, Crotty, Dunn & McCarthy.

Lynn Weissberg, Max D. Stern, and Stern & Shapiro on brief, Boston, Mass., for defendants-appellees Shawmut Corp., Shawmut First Bank and Trust Co., Frank W. Barrett and Wornat Development Corp.

Before BREYER, Chief Judge,
CAMPBELL and SELYA, Circuit Judges.

PER CURIAM.

The appellants filed an action in the United States District Court for the District of Connecticut asserting RICO and several pendent state law claims. The appellants were represented by Connecticut counsel. The district judge referred the case to a magistrate, who reviewed the 118–page, 200–paragraph complaint and noted a number of defects in it. The district judge focused on the fact that venue was improper in the District of Connecticut, and transferred the case to the District of Massachusetts.

The Massachusetts district court promptly issued a scheduling order. The scheduling order, among other things, directed the appellants to file an amended complaint which (1) corrected the defects noted in the magistrate's report and (2) complied with the requirement in Rule 8 that a complaint contain a "short and plain" statement of the plaintiff's claims.

The appellants' Connecticut lawyers filed an amended complaint three days after the deadline imposed by the scheduling order. This complaint added four new pendent state law claims and ran to 103 pages. As the district court noted, the amended complaint corrected only one of the defects pointed out by the magistrate, and was shorter than the original complaint only by virtue of "cosmetic changes," i.e. the use of narrowed margins and single-spacing.

The district court found that the amended complaint violated both Rule 8 and the terms of the scheduling order. As to the uncorrected defects, the court ordered that the defective allegations be dismissed.[1] As to the violation of Rule 8 (and the order

---

1. We assume that the district court intended to strike the defective allegations.

that the amended complaint comply with Rule 8), the court considered but rejected the option of dismissal with prejudice under Rule 41(b). It noted that a district court has the power to dismiss with prejudice where a party has failed to comply with an order of the court or with the rules of procedure, including Rule 8, *see Mangan v. Weinberger*, 848 F.2d 909 (8th Cir.1988), but declined to do so because (1) the appellants had not yet been warned that their failure to comply would result in dismissal, (2) the complaint was so confusing that it was difficult to determine the res judicata effect of a dismissal at this stage of proceedings, and (3) a lesser sanction—a fine—was available under Rule 11.

The district court then imposed a fine of $10,000 jointly and severally on the appellants and their attorneys. According to the court, the amended complaint violated Rule 11 because the appellants had made only minimal efforts to correct the defects pointed out in the scheduling order, or to bring the prolix complaint into compliance with Rule 8. That, in addition to the appellants' delay in complying with the requirement that they obtain local counsel, Rule 6 of the Local Rules of the United States Court for the District of Massachusetts, indicated an unwillingness to take the rules seriously, and suggested that their "approach to this case seems to be designed to keep litigation alive without regard to the needs or directives of the judicial system."

The district court warned the appellants that if they failed to pay the fine by June 22, 1990, the court would dismiss the entire action against all defendants. Both the appellants (who were now appearing pro se) and their former attorneys (who had withdrawn from the case) filed separate motions to reconsider the monetary sanction. The appellants insisted that they were unaware of their attorneys' failure to comply with the orders and rules of the court. They also suggested that they were "not at present in a position to pay the sanctions imposed upon them" although they did not specify what prevented them from paying or when they might be able to pay. The district court denied both motions for reconsideration, but extended the time for payment until July 3, 1990. Payment was not forthcoming, and on July 11, 1990 the district court entered judgment, dismissing the complaint with prejudice. This appeal followed.

The appellants raise two arguments, both of which challenge the underlying monetary sanctions rather than the judgment of dismissal itself. They contend (1) that the monetary sanctions were imposed without a hearing and therefore violated due process, and (2) that the district court should not have imposed the fine on the appellants since they were at all relevant times unaware of their lawyers' misconduct.

These arguments miss the point. They speak to the validity of the underlying sanction, not to the dismissal of the complaint. The district court dismissed the complaint not because the appellants had filed an inadequate and overlong amended complaint, but because they had defied the court's order to pay a monetary sanction. As to this action, there can be no question of the appellants' culpability. The court ordered them in direct and unambiguous terms to pay the fine or face dismissal; it reiterated the order in denying the motion for reconsideration; yet the appellants persisted in their refusal to obey.

If the appellants believed in good faith that the district court had erred in imposing the fine, they should have either (1) paid the fine, litigated the case and then appealed the sanction, or (2) demonstrated their inability to pay and their good faith disagreement with the court, and asked the court to stay the sanction pending an appeal. They did neither, and chose instead to flout the court's order. Whether or not the monetary sanction was legally justified, therefore, the order of dismissal was appropriate. As we have said in an analogous context—the imposition of contempt sanctions for failure to comply with a court order: "Court orders are accorded a special status in American jurisprudence." *Matter of Providence Journal Co.*, 820 F.2d 1342, 1347 (1st Cir.1986). Thus, a court may convict a person of contempt for disobeying

a court order "even though the person believes in good faith that the court order is unlawful." *United States v. Underwood*, 880 F.2d 612, 618 (1st Cir.1989). Only where the court lacked jurisdiction to make the order, or where the order was "transparently invalid," can a party ignore a court order and then attempt to evade contempt sanctions by litigating the validity of the underlying order itself. *Matter of Providence Journal*, 820 F.2d at 1345.

■ The principle stated in these contempt cases applies directly to the case at hand. Even if the appellants believed in good faith that they should not have been subjected to Rule 11 sanctions, they were not entitled to disobey the court's order, since the district judge clearly had jurisdiction under Rule 11 to impose sanctions on litigant as well as litigator, and the order itself was far from "transparently invalid." [2] The district court therefore was fully justified in dismissing the action, with prejudice, pursuant to Rule 41(b). *See Moon v. Newsome*, 863 F.2d 835, 838–39 (11th Cir.1989) (district court properly dismissed case where plaintiff refused to pay monetary sanction, or to ask the court to devise a plan for partial compliance based on financial need, and plaintiff instead insisted that magistrate had lacked authority to levy a fine against him).

*Affirmed.*

---

**2.** If there was any flaw in the imposition of monetary sanctions, it was in the district court's decision to levy the fine on the appellants as well as their attorneys, without the benefit of a factual record showing that the appellants had actual (i.e. "subjective") knowledge that the attorneys had violated Rule 11. The law on this question is unsettled, however, *compare Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1474–75 (2d Cir.1988) (subjective standard) with *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 892 F.2d 802, 808–12 (9th Cir.1989), *cert. gr., Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, — U.S. ——, 110 S.Ct. 3235, 111 L.Ed.2d 746 (1990) (objective standard), and in the absence of controlling precedent the district court's decision to impose sanctions on the appellants, on the basis of what we take to be the application of a standard of objective reasonableness, was not "transparently invalid."