UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1419

DAVID E. AND JEAN E. KUEHL,

Plaintiffs, Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Juan M. Perez-Gimenez,* U.S. District Judge]

Before

Boudin, Circuit Judge,

Coffin and Campbell, Senior Circuit Judges.

Alex Komaridis for appellants.

Richard E. Mills for appellees.

November 17, 1993

*Of the District of Puerto Rico, sitting by designation.

COFFIN, Senior Circuit Judge. The district court dismissed

plaintiffs' 43-page, 358-paragraph complaint because of its

failure to conform to the concise pleading requirements of Rule

8(a) of the Federal Rules of Civil Procedure. Plaintiffs contend

that the court erred in doing so, and in failing to give them an

opportunity to file an amended complaint. We cannot say that the

district court abused its discretion and, accordingly, affirm the

dismissal.

I. Procedural Background

Plaintiffs David and Jean Kuehl originally filed this lender

liability lawsuit in state court, seeking damages from two banks

and numerous bank officers and directors based on foreclosures

against their properties and their resulting inability to obtain

credit. The state court complaint consisted of 19 single-spaced

typed pages containing 36 counts against 28 defendants.

In October 1991, the two banks were taken over by federal

agencies, and the action was removed to federal court. Following

a status conference in early February 1992, a magistrate judge

ordered plaintiffs to submit "an amended complaint" to conform

the pleadings to the concise pleading requirements of Fed. R.

Civ. P. 8(a).1 The order noted the magistrate's expectation

that "a review of the proposed amended complaint and the results

1 The relevant portion of Rule 8(a) states:

A pleading which sets forth a claim for relief . . .
shall contain . . . (2) a short and plain statement of
the claim showing that the pleader is entitled to
relief . . . .

of Rule 12(b)(6) motions [to dismiss for failure to state a

claim] will reduce considerably the number of parties in the

action."

Several days later, plaintiffs filed a 43-page, now double-

spaced, complaint with the same number of counts, and including

all of the original defendants, plus the two federal agencies.

The complaint set forth, inter alia, eight separate counts of

respondeat superior, eight counts of negligent supervision, six

counts of breach of good faith, three counts of breach of

fiduciary duty, three counts of negligence, and two counts of

conspiracy.2

Defendants promptly filed motions to dismiss. They urged

that the entire complaint be dismissed for failure to provide a

2 The complaint's prolixity is illustrated by the counts alleged
against the individual members of HomeBank's board of directors.
Two of the negligence counts were against this group. One count
(Count III) alleged breach of a duty to ensure that all terms and
conditions of loans between the Kuehls and the bank were
fulfilled and the other (Count IV) alleged breach of a duty to
supervise the officers of the bank to ensure that the officers
fulfilled the bank's obligations to its customers, including the
Kuehls. The complaint also included two negligent supervision
counts (Counts VIII and XII) charging these same defendants with
essentially the same conduct. The complaint also alleged
multiple respondeat superior claims against HomeBank (Counts IX,
XIII, XV, XX) as the responsible employer and principal of the
officers and directors.

The counts against HomeBank's president, Charles Reese,
included one for negligence (Count II), alleging that he "failed
to properly supervise his subordinates and permitted the bank to
breach its agreement with Kuehl," as well as two for negligent
supervision (Counts VII and XI), alleging that he breached his
duty and responsibility to Kuehl by failing to correct
misrepresentations made to Kuehl by Reese's subordinates.

These examples are by no means exhaustive.

-3-

short and plain statement of the claims as required by Rule

8(a)(2), and as ordered by the magistrate judge. The motions

alternatively sought dismissal against the individual defendants,

who had been sued only in their official capacities, and also

challenged certain counts as failing to state claims upon which

relief could be granted.

Plaintiffs objected to the motions, asserting that the

complaint did conform to the requirements of Rule 8(a), and that

every count stated a viable cause of action. They did not seek

leave to further amend the complaint.

On July 23, 1992, the magistrate judge issued his Report and

Recommendation calling for dismissal of the complaint because it

violated Rule 8(a). He found that, despite the explicit

directions in his February order, plaintiffs had "proceeded to

file a verbose and redundant complaint containing the same number

of counts as the original." He noted that several counts were

nearly identical to each other, several other counts were

ambiguous as to which defendant was named, and "[t]he possible

substance of the claim is hidden in prolixity."

The Kuehls filed an objection to the recommended dismissal,

complaining that no consideration had been given to the merits of

their claims or to their "right" to further amend. This

complaint was their first in the federal format, they pointed

out, and Fed. R. Civ. P. 15(a) allows a party one amendment "as a

-4-

matter of course" before a responsive pleading is served.3

Plaintiffs did not, as part of their objection, seek leave to

amend or submit a proposed amended complaint.

Plaintiffs did attempt to file a motion to amend in early

September, attaching a proposed amended complaint. They also

filed a dismissal without prejudice of all claims against the 21

defendants who were directors of the two banks. The court

refused the motion to amend, however, because plaintiffs had not

sought concurrence from the defendants, as required by Local Rule

11. No subsequent attempt was made to obtain concurrence or

refile the pleading.

On September 25, 1992, the district court issued an order

adopting the magistrate judge's recommendation that the complaint

be dismissed in its entirety. The court noted that plaintiffs

had failed to file an amended complaint meeting the requirements

of Rule 8(a), as ordered, "even after the Magistrate Judge

gratuitiously gave plaintiffs rather specific guidance as to how

the complaint should be amended."

Plaintiffs filed a Motion for Reconsideration, stating that,

in attempting to balance the various federal pleading rules,

"[p]laintiffs' attorney unintentionally violated Rule 8(a)" and

3 The relevant portion of Fed. R. Civ. P. 15(a) states:

A party may amend the party's pleading once
as a matter of course at any time before a
responsive pleading is served . . . .
Otherwise a party may amend the party's
pleading only by leave of court or by written
consent of the adverse party; and leave shall
be freely given when justice so requires.

-5-

that dismissal with prejudice was too harsh a penalty under the

circumstances. For the first time, plaintiffs submitted a proper

request for permission to amend their complaint, although they

did not submit a proposed new complaint. The district court

denied the motion for reconsideration on March 12, 1993. This

appeal followed.

The Kuehls now attack the dismissal on two fronts. First,

they claim that they are absolutely entitled to another round of

repleading under Rule 15(a) because they have filed only one

federal complaint and defendants have not filed responsive

pleadings.4 Second, they argue that the deficiencies of their

complaint were not so severe as to warrant a dismissal without

the opportunity to amend.

II. The Right to Amend

Under Rule 81(c) of the Federal Rules of Civil Procedure, an

action that is removed from state to federal court need not be

repled "unless the court so orders." The Kuehls maintain that

their original federal complaint was a repleading ordered

pursuant to Rule 81(c), but that -- contrary to the district

court's conclusion -- that redrafting did not use up their Rule

15(a) right to amend their complaint once as a matter of course.

We can agree, generally, with the principle that a

repleading ordered under Rule 81(c) does not automatically

deprive the plaintiff of the one-time option to amend granted by

4 It is well established in this circuit that motions to dismiss
are not responsive pleadings. See Correa-Martinez v. Arrillaga-

Belendez, 903 F.2d 49, 59 n.8 (1st Cir. 1990).

-6-

Rule 15(a). This seems particularly so when the repleading

involves simply a change of format to fit the federal court

model.

In this case, however, the magistrate judge explicitly

ordered an amended complaint that was intended to contain

substantive changes to meet Rule 8(a)'s requirements. The

plaintiffs, therefore, had a chance to make meaningful

modifications to their complaint and, indeed, were given some

advice about how to do so. They point to no authority supporting

the proposition that they are entitled, as a matter of right, to

a second chance to improve the substance of their complaint. The

fact that plaintiffs squandered their one guaranteed opportunity

by making only stylistic changes does not yield them another.

III. Too Tough a Sanction?

A district court has the power to dismiss a complaint when a

plaintiff fails to comply with the Federal Rules of Civil

Procedure, including Rule 8(a)(2)'s "short and plain statement"

requirement. Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir.

1991); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).

See Fed. R. Civ. P. 41(b). Its decision to do so is reviewable

only for abuse of discretion. Mangan, 848 F.2d at 911; HMG

Property Investors v. Parque Indus. Rio Canas, 847 F.2d 908, 916-

17 (1st Cir. 1988).

Plaintiffs now acknowledge a technical violation of Rule

8(a), conceding that their complaint is excessively long and

unnecessarily redundant. They claim, however, that dismissal

-7-

with prejudice is too drastic a sanction because this was

"unintentional error" on the part of plaintiffs' attorney, who

believed that it was essential to plead in detail in light of the

magistrate's stated expectation that many defendants and some

claims would be dismissed. By drafting counts in numerous,

short, separate paragraphs, plaintiffs explain, they sought to

permit any dismissed counts to be excised without affecting the

remainder of the claims or the complaint as a whole.

Were plaintiffs' confessed overdrafting their only sin, we

would be inclined to agree that dismissal was an overly harsh

penalty. Our federal rules promote the disposition of claims on

the merits rather than on the basis of technicalities, see Foman

v. Davis, 371 U.S. 178, 181-82 (1962), and courts should be

reluctant to impose a dismissal with prejudice for a rules

violation that is neither persistent nor vexatious, particularly

without some review of the merits.

These plaintiffs are culpable for more than simply an

overwritten complaint, however. Their faulty pleading was not

their first, but an amended version that had changed only

superficially from the state court complaint, despite an order

that it conform to the concise pleading requirements of Rule

8(a). Additionally, the magistrate judge had fairly explicitly

telegraphed that the number of defendants should be

"considerably" reduced. Instead, plaintiffs added two more. When

plaintiffs finally attempted six weeks after the magistrate's

decision to file a motion to amend, they failed to follow local

-8-

rules. At no time did they properly offer the court a proposed

amended complaint to cure the deficiencies.

Thus, by the time the district court acted on the magistrate

judge's recommendation, it had before it a flouted order and no

indication that plaintiffs were ready to conform to Rule 8(a)'s

requirements. Their one apparent attempt to comply -- the motion

that ran afoul of Local Rule 11 -- had been abandoned. And

defendants already had expended considerable time and expense

responding to the defective complaint. See Newman v.

Commonwealth of Mass., 115 F.R.D. 341, 344 (D. Mass. 1987)

(recognizing role of "`pragmatic matters,'" such as time and

expense for defendants and court, in deciding whether complaint

should be dismissed).

In these circumstances, the district court's decision to

dismiss, though very severe, does not strike us as beyond the

pale. It is well settled that the question on review "is not

whether we would have imposed a more lenient penalty had we been

sitting in the trial judge's place, but whether the trial judge

abused his discretion in imposing the penalty he did." Spiller

v. U.S.V. Laboratories, Inc., 842 F.2d 535, 537 (1st Cir. 1988).

We believe this decision was within the wide boundaries of the

court's discretion. See 5 Charles A. Wright & Arthur R. Miller,

Federal Practice and Procedure 1217, at 178 (1990) ("[I]n some

circumstances if a party fails or refuses to file an amended and

simplified pleading or does not exercise good faith in purporting

to do so, the severe sanction of a dismissal on the merits may be

-9-

warranted."); see also Jones v. Winnepesaukee Realty, 990 F.2d 1,

5 (1st Cir. 1993) ("Trial judges enjoy great latitude in carrying

out case-management functions.")

The order of dismissal is therefore affirmed.

-10-