15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Parviz KARIM-PANAHI, Plaintiff-Appellant,
v.
LOS ANGELES POLICE DEPARTMENT; Darryl Gates, Police Chief;
City of Los Angeles; Tom Bradley; Sid Mills, et
al. Defendants-Appellees.
 No. 92-55131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Parviz Karim-Panahi appeals pro se the district court's entry of judgment in favor of defendants on count three of Karim-Panahi's civil rights action and dismissal of Karim-Panahi's remaining claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Pursuant to this court's order dated May 15, 1992, our review is limited to the following district court orders: (1) the January 3, 1992 order entering judgment on count three in favor of defendants; (2) the January 16, 1992 order rescheduling the hearing on defendants' motion to dismiss; (3) the January 27, 1992 order dismissing the action unless Karim-Panahi complied with the sanction order; and (4) the February 3, 1992 order dismissing the action for failure to comply with the sanction order. Thus, to the extent Karim-Panahi seeks review of the district court's denial of his motion to disqualify Judge Rea, such review is beyond the scope of this appeal.
 
 
 4
 * Judgment on Count Three
 
 
 5
 Count three of Karim-Panahi's complaint alleged that defendants Gates, Mills, and Oliveri conspired with the other defendants to violated Karim-Panahi's civil rights, in violation of 42 U.S.C. Sec. 1985(1-3). In the conclusion of his brief on appeal, Karim-Panahi requests that this court reverse the district court's entry of judgment on count three on the ground that the jury verdict was "contrary to facts, and obtained through manipulation of the courts and Federal Rules." Karim-Panahi does not elaborate on this statement and does not direct this court to any error such that we may review the jury's verdict.
 
 
 6
 Where an appellant furnishes this court with little or no explanation why the court may have erred in its ruling, we are unable to address appellant's contentions. See McGonigle v. Combs, 968 F.2d 810, 822 (9th Cir.), cert. dismissed, 113 S.Ct. 399 (1992). A bare statement of error is insufficient to raise an issue for review. Boldt v. Crake (In re Riverside-Linden Inv. Co.), 945 F.2d 320, 324-25 (9th Cir.1991) (holding issue waived where party failed to raise issue sufficiently). Cf. Kopczynski v. The Jacqueline, 742 F.2d 555, 560 (9th Cir.1984) (mere contention that jury instructions were "inadequate" does not provide basis for appellate review), cert. denied, 471 U.S. 1136 (1985). Thus, because Karim-Panahi cites nothing to support his claim of error, we affirm the judgment entered on count three. See McGonigle, 968 F.2d at 822.
 
 II
 Dismissal for Failure to Pay Sanctions
 A. Jurisdiction to Dismiss
 
 7
 Karim-Panahi contends the district court lacked jurisdiction to dismiss the remainder of his action following his notice of appeal. This contention lacks merit.
 
 
 8
 Upon finding that there is no just reason for delay, a district court may direct entry of a final judgment as to one or more but fewer than all of the claims. Fed.R.Civ.P. 54(b). Although by certifying an order for appeal, the district court divests itself of jurisdiction over the claims certified, it does not divest itself of jurisdiction over the remaining claims. See American-Arab Anti-Discrim. Comm. v. Thornburgh, 970 F.2d 501, 505 (9th Cir.1991).
 
 
 9
 Here, the district court entered judgment on count three following the jury's verdict and certified it for appeal. The court retained jurisdiction over the remaining claims. See id. Thus, the court was within its power to enter the order dismissing the remaining claims.[1]
 
 B. Sanction Order
 
 10
 We review for an abuse of discretion a district court's imposition of sanctions under Fed.R.Civ.P. 11. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1415-16 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991). We also review for an abuse of discretion the amount of the sanction imposed. Id. at 1416.
 
 
 11
 Karim-Panahi contends that because he did not violate Rule 11, Judge Davies abused his discretion by sanctioning him $10,000. This contention lacks merit.
 
 
 12
 A district court must sanction a party for filing frivolous papers or filing papers for an improper purpose. Fed.R.Civ.P. 11; Townsend v. Hoolman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990). Adriana Int'l, 913 F.2d at 1415. A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." Business Guides, Inc. v. Chromatic Comm. Enters., Inc., 111 S.Ct. 922, 930 (1991). Rule 11 applies to pro se litigants as well as to attorneys and parties represented by attorneys. Id.
 
 
 13
 Here, Karim-Panahi filed numerous motions requesting Judge Rea to rescue himself from the case. In his motions, Karim-Panahi alleged, without any factual foundation, that Judge Rea should be disqualified from hearing his case because of his "pervasive biasness and prejudice." Karim-Panahi also alleged that Judge Rea had obstructed justice and had acted in a retaliatory nature. Karim-Panahi also filed other motions to disqualify several other district court judges on the ground that they had conspired with Judge Rea to deprive Karim-Panahi of his constitutional rights.
 
 
 14
 Prior to sanctioning Karim-Panahi, Judge Davies issued an order to show case ("OSC") why Karim-Panahi should not be sanctioned $10,000 for filing the numerous frivolous motions. Rather than responding to the OSC, Karim-Panahi asked Davies to disqualify himself as well and requested Judge Davies to vacate the OSC. In his papers, Karim-Panahi indicated that he considered the OSC to be a threat, intimidation, harassment, a cover-up, and an obstruction of justice. On April 1, 1991, Judge Davies sanctioned Karim-Panahi $10,000 for vexatiously multiplying the proceedings and harassing the defendants and Judge Rea. Given the circumstances, Judge Davies did not abuse his discretion by sanctioning Karim-Panahi $10,000 under Rule 11. See Adriana Int'l, 913 F.2d at 1415.
 
 C. Dismissal for Failure to Pay Sanction
 
 15
 Karim-Panahi contends the district court abused its discretion by dismissing his action for failure to pay the sanction because he made a good faith attempt to comply with the sanction order. This contention lacks merit.
 
 
 16
 A district court may dismiss an action as a sanction for failing to comply with an order to show cause or for failing to pay a sanction. See Fed.R.Civ.P. 41(b). We review for an abuse of discretion the district court's dismissal of an action for failure to comply with a court order. Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947-48 (9th Cir.1976). We review for clear error a district court's finding of lack of good faith. Downey Savings & Loan Ass'n v. Metz (Matter of Metz), 820 F.2d 1495, 1497 (9th Cir.1987).
 
 
 17
 The district court held a hearing on the motion to dismiss Karim-Panahi's action for failure to make a good faith effort to comply with the sanction order. The district court found that Karim-Panahi's August 1, 1991 filing and the exhibits offered at the hearing "fail to demonstrate any effort to comply" with the sanction order.[2] The district court further found that Karim-Panahi "has made no attempts whatsoever, in good faith or otherwise, to comply with the Sanction Order." Based on our review of the record, we cannot conclude that this finding was clearly erroneous. See id. Given Karim-Panahi's lack of good faith effort to comply with the sanction order, it was not an abuse of discretion for the court to dismiss his action for failure to comply. See Van Bronkhorst, 529 F.2d at 947. Accord Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir.1991) (per curiam) (upholding dismissal of action for failure to comply with court's order to pay $10,000 sanction or face dismissal).
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Karim-Panahi's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the contention that Karim-Panahi's filing of a motion to disqualify Judge Davies divested Judge Davies of power to conduct a hearing on the order to show cause Judge Davies had issued against Karim-Panahi on March 18, 1991
 
 
 [2]
 On August 1, 1991, Karim-Panahi filed an affidavit in which he states that he had made a "good-faith effort and reasonable attempt to comply" with the sanction order. In support of this affidavit, Karim-Panahi attached eight exhibits showing that he had outstanding debts. Most of the exhibits were several years old, dating from 1978 to 1988. One exhibit, showing an outstanding debt of $83.00, was dated 1990
 
 
 [3]
 This court has ruled on all but three of the numerous motions Karim-Panahi has filed in connection with this appeal. Pursuant to a prior order, the three remaining motions were lodged by the clerk's office for this panel's consideration. See Karim-Panahi v. Los Angeles Police Dep't, No. 92-55131 (9th Cir. Dec. 12, 1992) (order). We now deny these motions
 We deny Karim-Panahi's outstanding motions concerning his attempt to compel appellees to submit an original transcript. We also deny Karim-Panahi's request for payment of his pro se living expenses.