36 F.3d 1100
 74 A.F.T.R.2d 94-6571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Duane Wendall LARSON, father and next friend; Pamela A.
Larson, mother and next friend; Shawna L'Rai Larson, minor
by her next friend; Alicia Marie Larson, minor by her next
friend; Sheila Jane Burgess, mother and next friend;
Nichole Michele Burgess, minor by her next friend, Appellants,
v.
O. Perry STOW, s/a Internal Revenue Service (individual and
official capacity); Billy Waters, s/a Internal Revenue
Service (official capacity); Babbit, s/a Internal Revenue
Service (official capacity); Dave Gunderson, IRS Collection
Agent (individual and official capacity); Ted Love, DEA
Agent (individual and official capacity); Duane Luehring,
IRS Collection Agent (individual and official capacity);
Gail Gibson, District Counsel IRS (individual and official
capacity); Switzer, IRS District Director (official
capacity); Kevin Peters, s/a United States Customs
(individual and official capacity); Robert Nordness, Area
Director U.S. Customs (official capacity); Michael O'Hara,
Supervisory s/a, U.S. Customs (individual and official
capacity); Edward G. Salvas, s/a U.S. Custom (official
capacity); Gary Gasele, Superintendent Duluth F.P.C.
(official capacity); Delessio, Assistant Warden- Sandstone
F.C.I. (individual and official capacity); Michelson,
Lt.-Correctional Officer-Duluth F.P.C. (individual and
official capacity); Murphy, Lt., Correctional
Officer-Duluth F.P.C. (official capacity); Arnold, United
States Attorney (official capacity); Nathan Petterson,
Asst. U.S. Attorney (official capacity); Richard Vosepka,
Asst. U.S. Attorney (individual and official capacity);
Unknown Officers, ten-twelve unknown officers present at
search of 3640 Independence Avenue South # 10, St. Louis
Park, MN (individual and official capacity), Appellees.
 
 No. 94-1563.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 6, 1994.
Filed: September 20, 1994.
 Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Duane Wendall Larson and members of his family (the Larsons) appeal from the final order entered in the District Court[1] for the District of Minnesota dismissing their lawsuit with prejudice for failing to comply with Fed. R. Civ. P. 8. For the reasons discussed below, we affirm.
 
 
 2
 While Larson was incarcerated for drug possession and tax evasion, he became the subject of a criminal investigation for money laundering and additional attempts to evade taxes with his wife. In October 1991, the Larsons brought suit in an eighty-six- page complaint against forty federal officers. With leave of court, they filed a fifty-four-page amended complaint. The Larsons claimed multiple constitutional and civil rights violations relating to the criminal investigation. In September 1992, the district court[2] granted defendants' motion to dismiss, finding that the Larsons did not comply with Fed. R. Civ. P. 8, and advising the Larsons that, should they elect to refile this or a substantially similar lawsuit, any subsequent dismissal for a Rule 8 violation should be with prejudice.
 
 
 3
 The Larsons filed a new lawsuit in October 1992. The seventy-page complaint contained ninety-six paragraphs of factual averments, twenty-three numbered counts, and six pages of unnumbered claims, raising constitutional, statutory, and state tort law claims against twenty-three defendants. The federal defendants moved to dismiss. The magistrate judge[3] compared the complaint with the Larsons' prior complaint and found them to be substantially similar. The magistrate judge concluded the Larsons failed to comply with Fed. R. Civ. P. 8(a)(2), in that the complaint did not set forth "short and plain statement(s) of each claim showing that the pleader is entitled to relief," or with Rule 8(e)(1), in that the averments were not "simple, concise and direct," and recommended dismissal with prejudice. The district court adopted the magistrate judge's report over the Larsons' objections and dismissed the "suit ... with prejudice ... for failure to state a claim for which relief can be granted." The Larsons moved for relief from judgment under Fed. R. Civ. P. 60(b)(4) and for leave to amend their complaint. The district court denied both motions.
 
 
 4
 We review for abuse of discretion a dismissal with prejudice for failure to comply with Rule 8. See, e.g., Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988), cert. denied, 488 U.S. 1013 (1989). Ordinarily, a complaint which fails to comply with Rule 8 may be dismissed after allowing time to file an amended complaint. Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam). Persistent violations of Rule 8, however, will justify dismissals with prejudice. Id.
 
 
 5
 The Larsons' contention that the dismissal was not a final order is without merit. The Larsons' right to amend their complaint terminated upon dismissal of the action. See Quartana v. Utterback, 789 F.2d 1297, 1300 n.1 (8th Cir. 1986). Upon our review of the record, we agree that the complaint does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment is not "simple, concise, and direct" under Rule 8(a)(2) and (e)(1). We find no abuse of discretion by the district court either in denying the Larsons leave to amend or in dismissing the action with prejudice.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota
 
 
 [3]
 The Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota