95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Samuel E. SLAGEL, Plaintiff-Appellant,
v.
SHELL OIL CO., M.W. Kellogg Co., Cigna Corp., J.S. Alberici
Const. Co., Michael H. Ralph, and Industrial
Commission of Illinois, Defendants-Appellees.
 No. 95-2233.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided Aug. 21, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Sept.
27, 1996.*
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Samuel Slagel filed a pro se complaint under numerous federal and state statutes, alleging that defendants had, in an extensive conspiracy over a ten-year period, deprived him of his constitutional rights through discrimination, racketeering, and fraud. The district court dismissed without prejudice Slagel's second amended complaint for failure to obey the court's order to provide a "short and plain" statement of his claim as required by Federal Rule of Civil Procedure 8(a). Fed.R.Civ.P. 41(b). Slagel appeals, and we affirm.
 
 
 2
 We review a district court's dismissal under Rule 41(b) for abuse of discretion. Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994), cert. denied, 115 S.Ct. 1373 (1995). We will reverse "only if it is plain either that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of a sound discretion." Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir.1993). Although defendants contend that dismissals without prejudice generally are not considered appealable final orders, the dismissal in this action disposed of the action rather than merely the complaint or a claim. The dismissal is appealable: the clerk of the district court entered a Rule 58 judgment against Slagel, and the court obviously considered the dismissal "the last thing [it] planned to do" in this action. Hickey v. Duffy, 827 F.2d 234, 238 (7th Cir.1987). Cf. Otis v. City of Chicago, 29 F.3d 1159 (7th Cir.1994).
 
 
 3
 A court may dismiss under Rule 41(b) a complaint which fails to comply with the pleading requirements of Rule 8. Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir.1988), cert. denied, 488 U.S. 1013 (1989). See also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988) (Court may dismiss prolix complaint sua sponte, but dismissal is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981) (cost to court system, defendants and other litigants justifies dismissal with prejudice of verbose and confusing complaint). "Under Rule 8, a complaint 'must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is,' " Vicom v. Harbridge Merchant Serv., Inc., 20 F.3d 771, 775 (7th Cir.1994) (citations omitted), and "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the plaintiff's claims. Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir.1990).
 
 
 4
 The district court did not abuse its discretion when it dismissed Slagel's action. The court granted Slagel two opportunities to amend his complaint, directing him to set forth each of his claims against each defendant in separate counts and paragraphs and to state specific facts that establish fraud and conspiracy. Further, it specifically warned Slagel that he needed to draft a complaint which conformed to Rule 8's specifications. The second amended complaint, however, fails to adequately inform defendants of the claims against them.[1] Slagel generally asserts facts and conclusions, but does not specify how the action he identifies constitute violations, or which charges apply to which defendants. See Vicom, 20 F.3d at 777-78 (plaintiff must identify each defendant's role in conspiracy), 778-84 (RICO elements); Jennings, 910 F.2d at 1437-41 (RICO elements). After considering Slagel's proposed amendments and modifications (Slagel had discovered new information which he wished to add to his complaint), the court concluded that Slagel was unable to comply with the court's orders: "in the instant case, plaintiff's second amended complaint defies legal analysis.... [It] cannot serve as the basis for an orderly lawsuit." Although Slagel contends that the captions gave sufficient notice to the defendants, we cannot agree. The Federal Rules require a plaintiff to give the defendants more than the warning "Fraud" or "Conspiracy." See Fed.R.Civ.P. 8(a), 9(b); Vicom, 20 F.3d at 777-78. We find no abuse of discretion, especially because the dismissal was without prejudice and Slagel remains free to refile his claims in a more coherent manner.
 
 
 5
 Slagel raises several other arguments on appeal: that the district court abused its discretion in denying his request to proceed in forma pauperis, in dismissing his original and first amended complaints, in denying his request for a sixty-day period of discovery, and in denying his motions to amend and to add a defendant. Each of these matters is within the discretion of the district court, and we find no abuse of discretion. The requests were either moot (Slagel's in forma pauperis motion was denied after he paid the filing fee, and his requests to amend and to add a defendant failed to clarify his complaint and thus avoid dismissal); premature (defendants could not be expected to participate in discovery before they or the court understood what claims were being asserted against them); or nonprejudicial (Slagel was granted opportunities to file amended complaints after each of his first two complaints were dismissed).
 
 
 6
 Finally, appellees Dr. Michael Ralph, M.W. Kellogg, and Shell Oil Company have moved for sanctions and Mr. Slagel has been given an opportunity to respond to those motions. Rather than imposing sanctions payable to the parties, we direct Mr. Slagel to pay the clerk of this court the amount $1,025.50 within 60 days of the entry of this order. To the extent that the motions are inconsistent with this judgment, they are denied.
 
 
 7
 Further, we hereby issue an order that Mr. Slagel must obtain the permission of the court before filing in any federal court in this circuit a lawsuit against any of the defendants involved in this appeal. Mr. Slagel is directed that, before he can file another suit against these defendants, he must make a motion for leave to file; the motion must be accompanied by a proposed complaint and must either: (a) be prepared and filed by a licensed attorney, or (b) if filed by the plaintiff pro se, be accompanied by a memorandum of law in support of plaintiff's claims which includes an affidavit certifying that the claims the plaintiff wishes to present are new and have never before been raised in any federal court and are not barred by the statute of limitations. We caution Mr. Slagel that if he attempts to file any new actions in violation of this order, the receiving court may begin contempt proceedings against him.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 *
 Hon. Walter J. Cummings did not participate in the vote for rehearings en banc
 
 
 [1]
 The district court described the second amended complaint:
 Plaintiff's second amended complaint is a twenty-three page document entitled "CIVIL COMPLAINT: DISCRIMINATION; RACKETEERING; CONSPIRACY; FRAUD." It is divided into twenty-three segments, each assigned a numerical designation. Some sections appear to be attempts to state a cause of action ("XII-Discrimination"; "XIII-Racketeering"; "XIV-Conspiracy"; "XIX-Fraud"). Others contain claims for damages ("XVI-Compensatory Damages Due to Conspiracy"; "XVII-Punitive Damages Due to Conspiracy"; "XVIII-Prayer for Relief of Conspiracy"; "XX-Injury Due To Fraud"; "XXI-Damages Due To Fraud"; "XXIII-Prayer for Relief of Fraud"). Others are merely single sentence allegations ("VI-On or about September 30, 1985, Plaintiff, while working for J.S. Alberici-Shell Oil Co., was injured when an exhaust air pressure of at least 120 lb. hit him in the left temple, injuring him and causing Plaintiff to have irrational behavior.").