PIERSOL, District Judge,
dissenting.
I respectfully disagree with the majority’s decision to reverse and remand this case to the district court. Under the liberal standards of notice pleading, the carriers need only give “a short and plain statement of the claim showing [they] are entitled to relief,” Fed.R.Civ.P..8(a)(2). See Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957) (all the Rules require is fair notice to defendant of what plaintiffs claim is and grounds upon which it rests); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir.1988), cert. denied, 488 U.S. 1013, 109 S.Ct. 802, 102 L.Ed.2d 793 (1989).
In paragraphs 1 through 35 of the Amended Complaint, the carriers set forth a course of conduct undertaken by the FAA employees to enforce selectively against the carriers the FAA icing regulations. The carriers incorporated paragraphs 1 through 35 into Count III, the substantive due process claim, *336 and into Count IV, the equal protection claim. I do not agree that the carriers’ isolated reference in paragraph 35 to the FAA employees’ “incorrect” interpretation of the law requires the legal conclusion that Counts III and TV state essentially no more than negligence claims. Read in context with the preceding material, paragraph 35 conveys the information that the FAA employees persisted in their selective prosecution of the carriers until June 6, 1994, the day an Administrative Law Judge convened a hearing on the FAA’s civil penalty action against the carriers. Only then did the FAA employees finally admit that their interpretation and enforcement of the icing regulations was baseless. Taking as true paragraphs 1 through 35 and the additional allegations in Counts III and IV, as we must do on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I conclude that the carriers alleged sufficiently that the FAA employees acted arbitrarily, capriciously, and flagrantly as required to state a substantive due process claim and that the FAA employees intentionally and purposefully discriminated against the carriers as required to state an equal protection claim.
The FAA employees are not entitled to qualified immunity. The carriers state claims for violations of specific constitutional rights, the majority does not dispute that the law of substantive due process and equal protection was clearly established at the time the FAA employees acted in 1993, and reasonable officials in the position of the FAA employees would have known that their conduct would violate such rights. See Waddell v. Forney, 108 F.3d 889, 891 (8th Cir.1997). Accordingly, I would affirm the district court’s Order denying the motion to dismiss on the ground of qualified immunity.