# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2895

_____

Todd James Luh

*Plaintiff - Appellant*

v.

Fulton State Hospital; John Lyskowski, Doctor; John Brown, Nurse; Robby Morris, Head of Security/Biggs Unit; Curtis Jacobs, FSH former employee; Heather Putt, Nurse; Pat Oney, Nurse; Shelly Salmons, Nurse; Tammy Olsen; Nurse Cassandra Sailor, Nurse; Mary Pearson, Nurse; Rocky Martin, FSH former employee; Ed Bucklew, Doctor; Delbert Groves, Social Worker; Chad Graham, Recreational Therapist; Sara Poettgen, FSH former employee; Cheryl Maddox, Director of Nursing; Rita Thackeray, FSH Dietitian; Bruce Harry, Doctor; Russ DeTremp, Director of Biggs; Marty Martin-Forman, C.O.O.; Dr. Chernoff, Doctor; Jill Morales, Biggs former Head of Security; Robert Hamilton, FSH former employee; Angela Wright, FSH former employee; Garrett Wilson, Nurse; Tenlay Watson, Head Nurse; Dr. Ponce, Doctor; Dr. Sethy, Doctor; Jenifer Millikin, Nurse; Sue Bradford, Nurse; Debbie Thompson, FSH employee; Kim South, FSH employee

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 29, 2015
Filed: January 11, 2016
[Unpublished]

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Todd James Luh, a mental patient at Fulton State Hospital (FSH), appeals the district court's dismissal of his 42 U.S.C. § 1983 action and denial of his post-judgment motion to reopen his case. Having jurisdiction under 28 U.S.C. § 1291, this court grants Luh leave to proceed in forma pauperis (IFP), affirms in part, reverses in part, and remands for further proceedings.

This court concludes that the district court abused its discretion in dismissing under Fed. R. Civ. P. 8(a)(2). *See Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (abuse-of-discretion review). Although Luh's complaints named numerous defendants and were at times repetitive, the claims were reasonably concise, detailed, and direct, and sufficiently placed each defendant on notice of the nature of the claims against him. *See* Fed. R. Civ. P. 8(d)(1) (each allegation made in pleading must be simple, concise, and direct); *Jones v. Pollard-Buckingham*, 348 F.3d 1072, 1072 (8th Cir. 2003) (per curiam) (13-page handwritten narrative complaint did not violate Rule 8, as it still clearly identified how each defendant was involved in allegedly unconstitutional conduct); *Oglala Sioux Tribe of Indians v. Andus*, 603 F.2d 707, 714 (8th Cir. 1979) (purpose of Rule 8 requirements is to give defendant fair notice of nature, basis, and grounds of complaint); *see also Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam) (pro se complaints entitled to liberal construction).

Nevertheless, much of the complaint was subject to dismissal for failure to state a claim. *See Fullington v. Pfizer, Inc.*, 720 F.3d 739, 747 (8th Cir. 2013) (court of appeals may affirm dismissal on any basis supported by record). This court holds, however, that Luh successfully stated two claims. Luh stated a retaliation claim based on his

allegations that defendants Lyskowski, Brown, Putt, Oney, Salmons, Olsen, Sailor, Pearson, Bucklew, Groves, Graham, Poettgen, Maddox, Thackeray, Harry, DeTremp, Morales, Hamilton, Wright, and Wilson, in retaliation for Luh's complaints, grievances, and lawsuits, (1) directed other patients to assault him; (2) falsely accused him of rule violations and placed him in seclusion; (3) intentionally denied him or interfered with his necessary medical treatment; and (4) prevented him from going to his job so he could not earn money to support his litigation activities. *Cf. Santiago v. Blair*, 707 F.3d 984, 991-92 (8th Cir. 2013) (to establish § 1983 retaliation claim, prisoner must establish that he engaged in protected activity, that government official took adverse action against him that would chill a person of ordinary firmness from continuing the protected activity, and that the adverse action was motivated at least in part by the exercise of the protected activity).

Luh also stated an inadequate-nutrition claim based on his allegations that he lost weight and strength and suffered complications to his health because defendants Thackeray, Harry, and Chernoff provided him smaller portions than he medically needed and served him food that was dirty and not fit for human consumption. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992) (prisoners have right to nutritionally adequate diet).

The judgment is vacated as to the retaliation claims against defendants Lyskowski, Brown, Putt, Oney, Salmons, Olsen, Sailor, Pearson, Bucklew, Groves, Graham, Poettgen, Maddox, Thackeray, Harry, DeTremp, Morales, Hamilton, Wright, and Wilson; and as to the inadequate-nutrition claims against defendants Thackeray, Harry, and Chernoff. The judgment is affirmed in all other respects.

The case is remanded for further proceedings in accordance with this opinion.

_____