# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2604
_____

Frederick P. Davis,

*Plaintiff - Appellant*

v.

Sandra Boylan, Correctional Officer, individually and in her official capacity; Doris Brooks, Librarian, individually and official capacity; Gayle Ellerbeck, Correctional Officer, individually and official capacity; Aaron Evans, Correctional Sergeant, individually and official capacity; Melanie Hinkle, Caseworker, individually and official capacity; John Jomp, Correctional Officer, individually and official capacity; Kerry Klein, Function Unit Manager, individually and official capacity; Lori Langley, Education Director, individually and official capacity; Teri Lawson, Assistant Warden, individually and official capacity; Stanley G. Lucas, Caseworker, individually and official capacity; Shannon McCarty, PPS III Supervisor for Maintenance, individually and official capacity; Melba Miller, Librarian, individually and official capacity; Dale Phillips, Function Unit Manager, individually and official capacity; Claire Stadt, Caseworker, individually and official capacity; Troy Steele, Warden, individually and official capacity

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: November 4, 2016
Filed: November 8, 2016
[Unpublished]
_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Frederick Davis appeals the district court's dismissal of his 42 U.S.C. § 1983 pro se complaint. Having jurisdiction under 28 U.S.C. § 1291, this court grants Davis leave to proceed in forma pauperis (IFP), affirms in part, reverses in part, and remands for further proceedings.

Much of the complaint was subject to dismissal for failure to state a claim. Davis's complaint was long, detailed, and named numerous defendants. However, the details were related to the incidents out of which his claims arose, and the claims were clearly stated, easily understood, and sufficiently placed each defendant on notice of the nature of the claims against him. *See* Fed. R. Civ. P 8(d)(1) (each allegation made in pleading must be simple, concise, and direct); *Jones v. Pollard-Buckingham*, 348 F.3d 1072, 1072 (8th Cir. 2003) (13-page handwritten narrative complaint did not violate Rule 8, as it still clearly identified how each defendant was involved in allegedly unconstitutional conduct); *Oglala Sioux Tribe of Indians v. Andus*, 603 F.2d 707, 714 (8th Cir. 1979) (purpose of Rule 8 pleading requirements is to give opposing party fair notice of nature, basis, or grounds of complaint); *see also Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam) (pro se complaints entitled to liberal construction). In addition, Davis substantially shortened the complaint in an effort to comply with the court's directive. *Cf. Mangan*, 848 F.2d at 911 (plaintiff filed duplicative complaints, each hundreds of pages; amended complaint was dismissed with prejudice due to "deliberate" failure to comply with Rule 8).

Davis did successfully state a claim that, in retaliation for his complaints and grievances: (1) Jomp issued a conduct violation report, *see Lewis v. Jacks*, 486 F.3d 1025, 1028-29 (8th Cir. 2007) (filing grievance is protected First Amendment

-2-

activity); *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994) (filing disciplinary charge is actionable under § 1983 if done in retaliation for inmate filing grievance); (2) Ellerbeck, Hinkle, Jomp, Lucas, and Stadt transferred him to a cell in unit 1 housing with conditions that threatened his health, *see Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911-12 (8th Cir. 2013) (housing module transfer was adverse action for the purpose of retaliation claim because new module housed younger and more violent offenders); and (3) Steele threatened to limit his access to the grievance process, *see Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994) (threat is sufficient injury if made in retaliation for filing grievances).

This court concludes that the district court abused its discretion in dismissing under Fed. R. Civ. P. 8(a)(2). *See Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988) (abuse-of-discretion review). The judgment is vacated as to the retaliation claims against defendants Ellerbeck, Hinkle, Jomp, Lucas, Stadt, and Steele. Because we are reversing the dismissal of federal claims, we also vacate the dismissal of the state-law defamation claim against Jomp. *See* 28 U.S.C. § 1367(a) (supplemental jurisdiction over state claims). The judgment is affirmed in all other respects.

The case is remanded for further proceedings in accordance with this opinion.

_____